UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| SMARTMATIC USA CORPORATION, | ) | |
| SMARTMATIC INTERNATIONAL | ) | |
| CORPORATION, and SMARTMATIC | ) | |
| SERVICES CORPORATION | ) | |
| | ) | Civ. 13-05349 (KBF) |
| Plaintiffs, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| DOMINION VOTING SYSTEMS | ) | |
| CORPORATION and DOMINION VOTING | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

_____)

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ....................................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 3

    A.    Dominion's Purchase of Assets from Sequoia .......................................... 3

    B.    The SVS Bankruptcy ............................................................................... 3

    C.    The Colorado Action ................................................................................ 4

    D.    The New York Action ............................................................................... 6

ARGUMENT ............................................................................................................... 7

I.    TRANSFER TO THE COLORADO FEDERAL COURTS IS
PRESUMPTIVELY APPROPRIATE BECAUSE THE NEW YORK ACTION
IS INEXTRICABLY LINKED TO THE PENDING SVS BANKRUPTCY
CASE IN COLORADO ...................................................................................... 7

II.    THE NEW YORK ACTION MEETS THE STANDARDS FOR TRANSFER
OF VENUE UNDER 28 U.S.C. § 1412 EVEN WITHOUT REGARD TO THE
PRESUMPTION OF TRANSFER ...................................................................... 9

    A.    The Interests of Justice and Judicial Economy Favor Transfer to the
Colorado Federal Courts ........................................................................ 10

    B.    The Remaining Convenience Factors Support Transfer ......................... 13

III.    TO THE EXTENT THE ADDITIONAL FACTOR FOR CHANGE OF
VENUE UNDER 28 U.S.C. § 1404 APPLIES, THAT STANDARD IS
SATISFIED HERE ............................................................................................ 15

CONCLUSION ........................................................................................................... 17

ActiveUS 113706764v.1

# TABLE OF AUTHORITIES

<u>Cases</u>

*Burns v. Grupo Mexico S.A. de C.V.*,
 No. 07-Civ.-3496 (WHP), 2007 WL 4046762 (S.D.N.Y. Nov. 16, 2007) ........................ 7

*Comprehensive Care Corp. v. Bank of Tokyo Trust Co.*,
 No. 90 CIV. 4387 (MJL), 1991 WL 150220 (S.D.N.Y. July 30, 1991) .......................... 12

*Goggins v. Alliance Capital Mgmt., L.P.*,
 279 F. Supp. 2d 228 (S.D.N.Y. 2003) ............................................................................ 11

*Gulf States Exploration. Co. v Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*,
 896 F.2d 1384 (2d Cir. 1990) ................................................................................... 2, 7, 8

*Herbert Ltd. P'ship v. Elec. Arts Inc.*,
 325 F.Supp.2d 282 (S.D.N.Y. 2004) ............................................................................. 17

*Hershman v. UnumProvident Corp.*,
 658 F. Supp. 2d 598 (S.D.N.Y. 2009) ............................................................................ 16

*In re Berg*,
 376 B.R. 303 (Bankr. D. Kan. 2007) .............................................................................. 8

*Lothian Cassidy LLC v. Ransom*,
 428 B.R. 555 (Bankr. E.D.N.Y. 2010) .......................................................................... 7, 9

*Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.*,
 487 B.R. 158 (S.D.N.Y. 2013) ..................................................................................... 10

*Mastr Asset Backed Sec. Trust 2007-WMC1 ex rel. U.S. Bank Nat. Ass'n v. WMC Mortgage LLC*,
 880 F. Supp. 2d 418 (S.D.N.Y. 2012) ............................................................. 11, 14, 16, 17

*Posven, C.A. v. Liberty Mut. Ins. Co.*,
 303 F. Supp. 2d 391 (S.D.N.Y. 2004) ............................................................................ 17

*Robertson v. Cartinhour*,
 No. 10 Civ. 8442, 2011 WL 5175597 (S.D.N.Y. Oct. 28, 2011) ..................................... 16

*Weisman Celler Sprett & Modlin, P.C. v. Trans-Lux Corp.*,
 No. 12 Civ. 5141 (JMF) 2012 WL 5512164 (S.D.N.Y. Nov. 14, 2012) ......................... 18

*Wyndham Associates v. Bintliff*,
 398 F.2d 614 (2d Cir. 1968) ......................................................................................... 11

ActiveUS 113706764v.1

*Zazzali v. 1031 Exch. Grp. (In re DBSI, Inc.)*,
    478 B.R. 192 (Bank. D. Del. 2012) ................................................................................. 15

<u>Statutes</u>

28 U.S.C. § 1391(c) ....................................................................................................... 18

28 U.S.C. § 1404 ............................................................................................................ 15

28 U.S.C. § 1412 ............................................................................................................ 11

iii

## INTRODUCTION

Defendants Dominion Voting Systems Corporation ("Dominion Canada") and Dominion Voting Systems, Inc. ("Dominion US") (collectively, "Dominion") submit this memorandum of law in support of Dominion's motion, pursuant to 28 U.S.C. § 1412 and/or § 1404, to transfer venue of this action, commenced by the complaint (the "New York Complaint") in this action captioned *Smartmatic USA Corporation, Smartmatic International Corporation, and Smartmatic Services Corporation v. Dominion Voting Systems Corporation and Dominion Voting Systems, Inc.*, Index No. 653208/2013 (the "New York Action") to the U.S. District Court for the District of Colorado (the "Colorado District Court").

As detailed below, the New York Action should be transferred to the Colorado District Court, which, together with the U.S. Bankruptcy Court for the District of Colorado (the "Colorado Bankruptcy Court") (collectively, the "Colorado Federal Courts"), is currently presiding over another lawsuit against Dominion that is nearly identical to the New York Action (the "Colorado Action").[1]   The Colorado Action arises in the context of a bankruptcy case pending in the Colorado Bankruptcy Court, is based on the same facts that plaintiffs allege in the New York Complaint, and (like the New York Complaint) seeks to avoid as fraudulent transfers the exact same transactions that are at issue in the New York Complaint.[2]  *See Connolly v. Dominion Voting Systems Corporation and Dominion Voting Systems, Inc.*, Case No. 13-cv-

---

[1]   Dominion has raised legal defenses to the Colorado Action and has moved to dismiss the Colorado Action on the basis of some of these defenses.  Nothing herein shall be construed as a waiver of any such defense by Dominion, and Dominion expressly reserves all such defenses, including those set forth in its motion to dismiss.

[2]   The Colorado District Court has directed that certain pre-trial matters in the Colorado Action be heard in the first instance in the Colorado Bankruptcy Court.  Upon transfer of venue, Dominion anticipates that, to the extent that portions of the Colorado Action are properly heard in the first instance by the Colorado Bankruptcy Court, the analogous portions of the New York Action would also be heard in the first instance by the Colorado Bankruptcy Court.  Thus, for the avoidance of doubt, Dominion refers herein to a transfer of venue to the Colorado Federal Courts collectively.  Procedurally, Dominion envisions that this Court would transfer the New York Action to the Colorado District Court, which would then determine whether and to what extent to refer the New York Action to the Colorado Bankruptcy Court.

ActiveUS 113706764v.1

00169 (D. Colo.).  The Colorado Action is even being funded by Smartmatic USA Corporation ("Smartmatic USA"), a plaintiff in the New York Action and an affiliate of the other New York Action plaintiffs.[3]

As the Second Circuit has held, transfer of venue to the district in which a bankruptcy case is pending is generally appropriate because that district is presumptively the proper district for actions connected with the bankruptcy case.  *See Gulf States Exploration. Co. v Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990). Here, the New York Action is indisputably, inextricably, and substantially linked to a bankruptcy case currently pending in Colorado in which Dominion is defending against fraudulent transfer allegations involving the same transactions and funded by one of the plaintiffs in the New York Action.

As explained below, in addition to the *Manville* presumption, the relevant factors under both 28 U.S.C. § 1412 (the bankruptcy venue transfer statute) and 28 U.S.C. § 1404 (the general venue transfer statute) are also satisfied.[4]  Thus, the Court can transfer the New York Action to the Colorado Federal Courts under either statute.[5]

---

[3]   Smartmatic USA (including its predecessor in interest, Smartmatic Corporation), Smartmatic International Corporation, and Smartmatic Services Corporation collectively are referred to herein as "Smartmatic."

[4]   28 U.S.C. § 1412 governs the transfer of "core" bankruptcy proceedings under 28 U.S.C. § 157, while 28 U.S.C. § 1404 governs the transfer of all other federal court actions.   As described in Dominion's Notice of Removal, filed concurrently herewith, under the principal theory advanced by the plaintiff in the Colorado Action, the claims in the New York Action should be deemed "core" proceedings.  Given the New York Action meets the standards for transfer of venue under both 28 U.S.C. § 1412 and 28 U.S.C. § 1404, the designation of the claims in the New York Action as "core" (or not) is largely irrelevant to the question of whether venue of the New York Action should be transferred.

[5]   Dominion recognizes that if its motion to dismiss the Colorado Action is granted completely, a transfer of venue of the New York Action to Colorado could be less compelling.  Anticipating this possibility, Dominion, before seeking a transfer of venue from this Court, proposed to Smartmatic that the New York Action be stayed pending resolution of Dominion's motion to dismiss the Colorado Action.  Smartmatic refused.  Thus, to ensure that its request for change of venue is timely, Dominion filed its motion to transfer venue now.

ActiveUS 113706764v.1

### STATEMENT OF FACTS

In its Notice of Removal (the "Notice of Removal"), Dominion details the facts regarding the New York Action and the nearly identical Colorado Action.  In this memorandum, Dominion sets forth the facts most relevant to its motion to transfer venue:

### A.      Dominion's Purchase of Assets from Sequoia

In 2009 and 2010, Dominion Canada and Dominion US, respectively, purchased certain assets (the "Purchased Assets") from Sequoia Voting Systems, Inc. ("Sequoia")—a company that was, until 2007, directly owned by New York Action plaintiff Smartmatic USA. Declaration of George W. Shuster, Jr., dated July 31, 2013 ("Shuster Decl.") Ex. A ¶¶ 12, 17, 28.

### B.      The SVS Bankruptcy

On June 8, 2010, SVS Holdings, Inc. ("SVS") filed a chapter 11 petition in the Colorado Bankruptcy Court.  *See In re SVS Holdings, Inc.*, Case No. 10-24328 (Bankr. D. Colo.).  SVS is the parent and sole shareholder of Sequoia, and Smartmatic USA is, according to the claim schedules filed in the SVS bankruptcy, SVS's largest creditor. *See* Shuster Decl. Ex. B.

In August 2010, Smartmatic USA filed an ex parte motion pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Smartmatic Rule 2004 Motion") to obtain documents from and conduct an examination of Dominion about the same transactions that are now at issue in the Colorado Action and the New York Action—the sale of the Purchased Assets from Sequoia to Dominion.  *See* Shuster Decl. Ex. C.  The Colorado Bankruptcy Court granted the Smartmatic Rule 2004 Motion on August 6, 2010.  *See* Shuster Decl. Ex. D.  Following entry of the order allowing the Smartmatic Rule 2004 Motion, Dominion produced documents to Smartmatic USA regarding the sale of the Purchased Assets, and Dominion's representatives sat for Rule 2004 examinations regarding those same transactions.

ActiveUS 113706764v.1

In September 2012, Smartmatic USA sought permission from the Colorado Bankruptcy Court to pursue litigation against Dominion in SVS's chapter 11 case. *See* Shuster Decl. Ex. E.[6] Specifically, Smartmatic USA asked for leave to bring federal and state law fraudulent transfer claims to avoid the sale of the Purchased Assets to Dominion. *Id.* In the alternative, Smartmatic USA asked the Colorado Bankruptcy Court to convert the SVS bankruptcy case to a chapter 7 case and appoint a chapter 7 bankruptcy trustee to administer SVS's affairs. *See* Shuster Decl. Ex. F. Smartmatic USA represented to the Colorado Bankruptcy Court that it would withdraw its request for conversion of SVS's bankruptcy case to chapter 7 if its motion for derivative standing was granted. *See id.*

On October 16, 2012, the Colorado Bankruptcy Court denied Smartmatic USA's request for standing and converted SVS' chapter 11 case to a case under chapter 7. *See* Shuster Decl. Ex. G.

On October 17, 2012, the Colorado Bankruptcy Court appointed Tom H. Connolly as chapter 7 trustee of SVS (the "SVS Trustee"). *See* Shuster Decl. Ex. H.

On November 14, 2012, the SVS Trustee sought Colorado Bankruptcy Court approval for Smartmatic USA to fund the SVS Trustee's pursuit against Dominion of substantially the same claims that Smartmatic USA had been denied derivative standing to bring on its own. *See* Shuster Decl. Ex. I. The Colorado Bankruptcy Court approved the funding arrangement on December 4, 2012. *See* Shuster Decl. Ex. J.

### C.     The Colorado Action

On December 7, 2012, the SVS Trustee, funded by Smartmatic USA, commenced the

---

[6]     In its motion for derivative standing, Smartmatic USA also sought the appointment of a chapter 11 trustee.

ActiveUS 113706764v.1

Colorado Action against Dominion by filing the "Colorado Complaint"[7] in the Colorado Bankruptcy Court.  Through the Colorado Action, the SVS Trustee seeks to avoid the sale of the Purchased Assets to Dominion, on the basis that Sequoia allegedly did not receive sufficient consideration when it sold the Purchased Assets to Dominion in 2009 or 2010.

Specifically, the SVS Trustee asserts constructive fraudulent transfer claims on three alleged statutory grounds: (1) Section 548 of the Bankruptcy Code (the "Section 548 Colorado Claims"), (2) Section 544(b) of the Bankruptcy Code (the "Section 544 Colorado Claims") (collectively, the "Colorado Federal Claims"), and (3) Delaware and Colorado law (the "Colorado State Law Claims").  *See* Shuster Decl. Ex. K.

The Colorado Federal Claims can only be brought by the trustee of a debtor that, when the alleged fraudulent transfers were made, owned the assets in question.  Because Sequoia, not SVS, transferred the Purchased Assets to Dominion, the SVS Trustee included in the Colorado Complaint a claim for "substantive consolidation" of SVS with Sequoia.  Substantive consolidation is a bankruptcy concept that would, if successful, judicially merge SVS and Sequoia to create one bankrupt entity with all assets and liabilities of both SVS and Sequoia.  Substantive consolidation is the vehicle by which the SVS Trustee seeks standing to pursue the Colorado Federal Claims against Dominion for assets sold by Sequoia—a non-debtor.[8]  Without substantive consolidation, the Colorado Federal Claims cannot survive.

The Colorado State Law Claims, on the other hand, do not rely on a theory that SVS can be deemed the owner of the Purchased Assets through substantive consolidation.  Rather, they

---

[7]   The Colorado Complaint is substantially identical to the form of complaint Smartmatic USA proposed to file if it had been allowed to pursue claims against Dominion.  *See* Shuster Decl. Ex. E.

[8]   Even with substantive consolidation, the SVS Trustee could not prevail on the Colorado Federal Claims, because substantive consolidation cannot rewrite the ownership history of the Purchased Assets at the time of the transfers to Dominion.

ActiveUS 113706764v.1

rely exclusively on the SVS Trustee's assertion that SVS is a creditor of Sequoia.  Because an entity cannot be a creditor of itself, the Colorado State Law Claims can only exist if there is no substantive consolidation and SVS and Sequoia remain separate.

On December 27, 2012, Dominion moved the Colorado District Court to withdraw its reference of jurisdiction for the Colorado Action to the Colorado Bankruptcy Court, so that the Colorado Action would be determined by the Colorado District Court.  *See* Shuster Decl. Ex. L. On June 11, 2013, the Colorado District Court granted Dominion's motion, but referred all pretrial matters to the Colorado Bankruptcy Court.  *See* Shuster Decl. Ex. M.  A jury trial of the Colorado Action will proceed in the Colorado District Court, and that trial is currently scheduled for August 2014.  *See id.;* Shuster Decl. Ex. N.

Dominion's motion to dismiss the Colorado Complaint has been briefed and is pending in the Colorado Bankruptcy Court.  *See* Shuster Decl. Ex. O.  Discovery in the Colorado Action has not yet commenced.

### D.      The New York Action

On June 28, 2013, Smartmatic, while continuing to fund the SVS Trustee's pursuit of fraudulent transfer claims against Dominion in the Colorado Action, commenced the New York Action to assert nearly identical fraudulent transfer claims against Dominion.  Smartmatic brings its claims in the New York Action under New York fraudulent conveyance law and as a purported creditor of Sequoia (the "New York Claims") and seeks to avoid the sale of the Purchased Assets by Sequoia to Dominion—just as the SVS Trustee is seeking in the Colorado Action.  Thus, the transfers Smartmatic is seeking to avoid and recover in the New York Action are the exact same transfers the SVS Trustee is seeking to avoid in the Colorado Action, which is being funded by Smartmatic USA.

6

**ARGUMENT**

I.     **TRANSFER TO THE COLORADO FEDERAL COURTS IS PRESUMPTIVELY APPROPRIATE BECAUSE THE NEW YORK ACTION IS INEXTRICABLY LINKED TO THE PENDING SVS BANKRUPTCY CASE IN COLORADO**

A transfer of venue of the New York Action to Colorado is presumptively appropriate under the standard set forth in *Manville*.  *See Manville*, 896 F.2d at 1391; *Burns v. Grupo Mexico S.A. de C.V.*, No. 07-Civ.-3496 (WHP), 2007 WL 4046762, at *5 (S.D.N.Y. Nov. 16, 2007); *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 561 (Bankr. E.D.N.Y. 2010).  Colorado is presumed to be the proper district for adjudication of the New York Action because (a) the SVS bankruptcy case is currently pending in the Colorado Bankruptcy Court, and (b) the claims asserted by Smartmatic in the New York Action are inextricably linked to the SVS bankruptcy case.  *See Manville*, 896 F.2d at 1391 ("[T]he district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy.").  The intimate relationship between the SVS bankruptcy case and the New York Claims exists for a number of reasons and without regard to which of the various alternative theories that the SVS Trustee and Smartmatic pursue.

If the Colorado Federal Courts determine that the SVS Trustee has standing to bring the Colorado Section 544 Claims asserted in the Colorado Action, this standing will be exclusive of other parties' rights to bring similar claims like the New York Claims.  *See* Notice of Removal ¶ 18; *In re Berg*, 376 B.R. 303, 311 (Bankr. D. Kan. 2007) (recognizing exclusive right of trustee to bring state-law avoidance claims pursuant to section 544 of the Bankruptcy Code).  In that event, Smartmatic's claims in the New York Action necessarily would be subsumed into, and/or precluded by, the Colorado Section 544 Claims.  *See* Notice of Removal ¶¶ 18-20.  Moreover, if the Colorado Federal Courts determine that the SVS Trustee has exclusive standing to pursue the

7

Colorado Federal Claims in the Colorado Action, any attempt by Smartmatic to pursue the New York Claims would violate the automatic stay contained in 11 U.S.C. § 362 because Smartmatic would be attempting to obtain property of the SVS bankruptcy estate.  *See* Notice of Removal ¶ 24.  These relationships between the New York Claims and the Colorado Claims—the New York Claims being subsumed into, precluded by, or stayed by the Colorado Federal Claims—are more than sufficient to satisfy the standard for presumptive venue transfer under the Second Circuit's holding in *Manville*.  *See Manville*, 896 F.2d at 1391.

This result is confirmed by the decision in *Lothian Cassidy*, in which the court granted the defendants' motion to transfer venue to the district where a related bankruptcy case was pending.  In *Lothian Cassidy*, the plaintiffs commenced an action in New York state court asserting state law claims against officers, directors, and other representatives of a chapter 11 debtor.  428 B.R. at 557.  The defendants first removed the New York state court action to New York federal court on the basis that the state law claims were intimately related to the debtor's bankruptcy case, which was pending in another district.  *Id.* at 557-58, 560.  The defendants then moved to transfer venue from the New York federal court to the district where the debtor's bankruptcy case was pending.  *Id.* at 557-58.  The New York federal court granted the transfer of venue, reasoning that the New York state court action's  relationship to the debtor's bankruptcy proceeding was "paramount," and that transfer of venue for the action would "ensure supervision by the court most familiar with, and with continuing administrative responsibility for" the pending bankruptcy.  *Id.* at 562.  These are the same circumstances present for Smartmatic's New York Action.

Regardless of whether the Colorado Federal Courts determine that the SVS Trustee has standing to bring the Colorado Federal Claims, the SVS Trustee currently is still pursuing the

Colorado State Law Claims, which also are directly at odds with Smartmatic's claims in the New York Action.  *See* Notice of Removal ¶ 25.  Not only do both sets of claims seek a single recovery of limited dollars, but Smartmatic would be litigating issues in New York that could be determinative of the proceedings in Colorado, and vice versa.  Thus, Smartmatic's pursuit of the New York Claims likely would adversely affect the amount available for distribution to creditors in the SVS bankruptcy case.  *See id.* ¶¶ 26-27.  On this basis as well, the New York Action is sufficiently connected to the SVS bankruptcy case to satisfy the presumption of venue transfer.

## II.   THE NEW YORK ACTION MEETS THE STANDARDS FOR TRANSFER OF VENUE UNDER 28 U.S.C. § 1412 EVEN WITHOUT REGARD TO THE PRESUMPTION OF TRANSFER

Separate and independent from the *Manville* presumption, the New York Action should be transferred to the Colorado Federal Courts because the test for transfer under 28 U.S.C. § 1412 is also satisfied.

As described in Dominion's Notice of Removal, because the New York Claims are "core" proceedings within the meaning of 28 U.S.C. § 157, the standard for transfer of venue of the New York Action is set out in  28 U.S.C. § 1412, which provides: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interests of justice or for the convenience of the parties."  28 U.S.C. § 1412; *see Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.*, 487 B.R. 158, 165 (S.D.N.Y. 2013).  Under 28 U.S.C. § 1412, courts apply the following eight factors to determine whether transfer to another district is appropriate:

> (1) the convenience of the witnesses and the availability of process to compel the attendance of unwilling witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the relative means of the parties; (6) the comparative familiarity of each district with the governing law; (7) the weight

9

accorded to the plaintiff's choice of forum; and (8) judicial economy and the interests of justice.

*Id.*

### A. The Interests of Justice and Judicial Economy Favor Transfer to the Colorado Federal Courts

Where, as here, a nearly identical fraudulent transfer action is pending in another district, the interests of justice and judicial economy becomes the central factor in the venue transfer analysis. This factor strongly favors transfer of the New York Action to the Colorado Federal Courts because the Colorado Federal Courts are already presiding over the nearly identical Colorado Action. *See Mastr Asset Backed Sec. Trust 2007-WMC1 ex rel. U.S. Bank Nat. Ass'n v. WMC Mortgage LLC*, 880 F. Supp. 2d 418, 424 (S.D.N.Y. 2012) ("It would be a waste of resources — for both the parties and the judiciary — to have the same issues litigated in two separate courts, forcing the defendant to litigate in separate forums . . . .").

The Second Circuit has held that strong policy considerations "'favor[] the litigation of related claims in the same tribunal,'" including avoiding duplicative litigation and inconsistent results. *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003) (quoting *Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968)). Courts in this district have found "[t]he single most significant circumstances favoring transfer" to be "the existence of [a] related action[]" in another tribunal where there is "substantial overlap in the allegations by the plaintiffs" in both cases. *Goggins*, 279 F. Supp. 2d at 234 (granting transfer in light of the "substantial overlap in the allegations made by the plaintiffs here and the plaintiffs in the [related] action"); *see also Comprehensive Care Corp. v. Bank of Tokyo Trust Co.*, No. 90 CIV. 4387 (MJL), 1991 WL 150220, at *4 (S.D.N.Y. July 30, 1991) (granting transfer motion of a case that "hinge[d] on the same factual nuclei" as the related action).

10

The pending Colorado Action, and the familiarity of the Colorado Federal Courts with the issues presented by the Colorado Action, support transferring the New York Action to the Colorado Federal Courts.  The facts underlying Smartmatic's claims in the New York Action are the same facts underlying the SVS Trustee's claims in the Colorado Action.  Both actions seek to avoid the transfer of the Purchased Assets from Sequoia to Dominion in 2009 and 2010.  And Smartmatic's theory as to why the sales of the Purchased Assets are avoidable through the New York Action is the same legal theory put forth by the SVS Trustee in the Colorado Action—and also the same legal theory initially articulated by Smartmatic USA in its failed motion for authority to commence litigation against Dominion.  Specifically, both the SVS Trustee (in the Colorado Action) and Smartmatic (in the New York Action) assert that Sequoia received insufficient consideration in exchange for the Purchased Assets.  Accordingly, the major issue that will be in dispute in both actions, if and to the extent they proceed on the merits, is the value of the Purchased Assets at the time they were sold.

By presiding over the bankruptcy of SVS (whose primary asset is its ownership of Sequoia) for over three years, the Colorado Bankruptcy Court, which also is currently presiding over pre-trial matters in the Colorado Action, already has become familiar with the facts and issues relevant to the New York Action, for example, by virtue of the following:  (a) the Colorado Bankruptcy Court considered and ruled on the Smartmatic Rule 2004 Motion (which sought information on the same transactions that Smartmatic seeks to avoid in the New York Action); (b) the Colorado Bankruptcy Court heard argument on, and denied, Smartmatic USA's motion for derivative standing to pursue claims nearly identical to those now asserted by Smartmatic in the New York Action; and (c) the Colorado Bankruptcy Court is currently in the process of considering Dominion's motion to dismiss the Colorado Complaint.  Although

11

Dominion has not yet responded to the New York Complaint, Dominion expects that many of its defenses to the New York Action will duplicate or overlap with its defenses in the Colorado Action.

Likewise, the Colorado District Court is already familiar with the facts underlying the New York Action by deciding Dominion's motion to withdraw the reference of the Colorado Action. The Colorado District Court has already scheduled a trial on the claims asserted in the Colorado Action for 2014.

Although the Colorado Federal Courts are uniquely familiar with the facts and legal theories asserted in the Colorado Action—the same facts and legal theories asserted in the New York Action—the Colorado Action and the New York Action also are similarly situated from a procedural perspective. Dominion has only recently filed a response to the Colorado Complaint, and discovery has not begun. Thus, transfer of the New York Action to the Colorado Federal Courts at this stage would permit a single forum to resolve the substantially identical claims asserted in both actions and avoid duplicative or inconsistent discovery or pretrial proceedings. To force Dominion to respond to discovery in two forums on substantially identical claims would contravene the interests of justice and judicial economy and force Dominion to incur additional and duplicative expenses. By contrast, given the similar procedural posture of the New York Action and the Colorado Action, a transfer of the New York Action to the Colorado Federal Courts will not prejudice Smartmatic. Indeed, Smartmatic has been actively involved in the Colorado Federal Courts regarding the very issues presented by the Colorado Action and the New York Action since the filing of the Smartmatic Rule 2004 Motion in 2010.

**B.      The Remaining Convenience Factors Support Transfer**

The remaining factors relevant to transfer of venue under 28 U.S.C. § 1412 also favor transfer of the New York Action to the Colorado Federal Courts:

(1)      *Convenience of witnesses*.  The New York Action seeks to avoid the transfer of the Purchased Assets from Sequoia to Dominion.  At issue in the New York Action will be, among other things, the transactions with Dominion, Sequoia's financial condition, and the value of the Purchased Assets.  Sequoia has its principal place of business in Denver, Colorado, where the Colorado Federal Courts are located.  Shuster Decl. Ex. A ¶ 10.  Dominion US's principal place of business is also Denver, Colorado.  *Id.* ¶ 7.  Thus, witnesses that could have knowledge regarding topics relevant to the New York Action are likely to be located in Colorado.

(2)      *Convenience of the parties*.  The Smartmatic plaintiffs are corporations with multiple offices and substantial means.  Thus, Smartmatic will not be burdened by pursuing the New York Action in Colorado.  Indeed, if Smartmatic USA's motion for derivative standing to pursue to the Colorado Action had been granted, Smartmatic USA was ready and willing to pursue its claims against Dominion in the Colorado Federal Courts.  *See* Shuster Decl. Ex. E.

(3)      *Location of relevant documents*.  Courts have recognized that it is generally "a neutral factor in today's world of faxing, scanning, and emailing documents."  *Mastr Asset Backed Sec. Trust*, 880 F. Supp. 2d at 422.  To the extent this factor remains relevant, it also favors Colorado, given that Denver, Colorado is the principal place of business of both Sequoia and Dominion US.  The SVS Trustee, who as the trustee of Sequoia's parent, SVS, is likely to have or be able to obtain relevant documents, is also located in Colorado.

(4)      *Locus of operative facts in the New York Action*.  No single locus exists, but this factor also favors Colorado, where Sequoia has its principal place of business.

13

(5)     *Means of the parties.*   Smartmatic has substantial means and will not be burdened by pursuing the New York Action in Colorado.

(6)     *Familiarity of the courts with the law governing the New York Action.*  The only substantive difference between the prior claims asserted by the SVS Trustee in the Colorado Action and the claims asserted by Smartmatic in the New York Action is that in the Colorado Action, the SVS Trustee relies on federal, Colorado, and Delaware fraudulent transfer statutes, while in the New York Action, Smartmatic relies on New York and Delaware fraudulent transfer statutes.  There do not appear to be any material differences among the various fraudulent transfer statutes relied upon by the SVS Trustee and Smartmatic.  Moreover, "as fraudulent transfer claims are routine in bankruptcy cases, there is ample case law that [the Colorado Federal Courts] can reference to inform [their] decision."  *Zazzali v. 1031 Exch. Grp. (In re DBSI, Inc.)*, 478 B.R. 192, 198 (Bank. D. Del. 2012).

(7)     *Plaintiff's choice of forum.*   Smartmatic's *choice* to file in New York "should be accorded little deference because it was plainly "motivated primarily by tactical considerations." *Robertson v. Cartinhour*, No. 10 Civ. 8442, 2011 WL 5175597, at *5 (S.D.N.Y. Oct. 28, 2011). In this district, "the more it appears the decision is 'motivated by forum shopping reasons,' the less deference will be accorded to it."  *Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 601 (S.D.N.Y. 2009).

Smartmatic filed the New York Action despite its failed attempt to bring fraudulent transfer claims against Dominion in Colorado and despite the fact that it is bankrolling the SVS Trustee's pursuit in the Colorado Action of claims that are substantially identical to those in the New York Action.  Thus, Smartmatic has already selected Colorado as the proper forum for fraudulent transfer claims relating to the transfer of the Purchased Assets.  Indeed, Smartmatic

ActiveUS 113706764v.1

USA, as SVS's largest creditor, stands to be the primary beneficiary of any recovery the SVS Trustee may obtain against Dominion in the Colorado Action.  Smartmatic's attempt to bring the New York Action appears intended to obtain a tactical advantage by effectively pursuing the same claims against Dominion in multiple forums at the same time.  For this reason, Smartmatic's choice of forum should be wholly disregarded.

Further, the deference to which "a plaintiff's choice of forum is presumptively entitled" is "reduced where, as here, the plaintiff's choice of forum is not its principal place of business." *Mastr Asset Backed Sec. Trust*, 880 F. Supp. 2d at 424.  According to the New York Complaint, Smartmatic's principal place of business is Boca Raton, Florida.  Shuster Decl. Ex. A ¶ 3.

For the foregoing reasons, each factor relevant to the transfer of venue analysis under 28 U.S.C. § 1412 weighs in favor of venue over the New York Action in Colorado.  Therefore, this Court should transfer the New York Action to the Colorado Federal Courts.

## III.   TO THE EXTENT THE ADDITIONAL FACTOR FOR CHANGE OF VENUE UNDER 28 U.S.C. § 1404 APPLIES, THAT STANDARD IS SATISFIED HERE

If the New York Claims are not considered "core" proceedings within the meaning of 28 U.S.C. § 157, transfer is still appropriate under 28 U.S.C. § 1404—the general district court transfer of venue statute.  Courts consider the same factors in determining whether to grant a motion for transfer of venue under 28 U.S.C. § 1404 as under § 1412, except that transfer under 28 U.S.C. § 1404 of a proceeding that is not "core" has the additional requirement that the action "'could have been brought in the proposed transferee district.'"  *Mastr Asset Backed Sec. Trust*, 880 F. Supp. 2d at 421 (quoting *Herbert Ltd. P'ship v. Elec. Arts Inc.,* 325 F.Supp.2d 282, 285 (S.D.N.Y. 2004)).

The additional transfer requirement of 28 U.S.C. § 1404 is satisfied because the New York Action "might have been brought" in the Colorado Federal Courts.  *See* 28 U.S.C. § 1404.

15

Here, because the Colorado Federal Courts have subject matter jurisdiction over the claims in the New York Complaint and personal jurisdiction over Dominion, venue is proper in Colorado.  *See Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004) ("For the purposes of section 1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court.").

The Colorado Federal Courts have subject matter jurisdiction over the New York Action under 28 U.S.C. § 1334 for the same reasons described in Dominion's Notice of Removal: The claims in the New York Action (1) "arise under" the Bankruptcy Code and "arise in" the SVS bankruptcy case and (2) "relate to" the SVS bankruptcy case.  *See* Notice of Removal ¶¶ 14-15.

Dominion has not challenged the Colorado Federal Courts' exercise of personal jurisdiction over Dominion with respect to the claims asserted against Dominion in the Colorado Action.  The underlying events in the New York Action are the same as those alleged in the Colorado Action, and Dominion would not contest personal jurisdiction of the Colorado Federal Courts for purposes of the New York Claims.

Venue is proper in the Colorado Federal Courts because Dominion Canada resides within the district for purposes of the venue statute.  Dominion Canada "is deemed to reside 'in any judicial district in which such defendant [corporation] is subject to personal jurisdiction.'" *Weisman Celler Sprett & Modlin, P.C. v. Trans-Lux Corp.*, No. 12 Civ. 5141 (JMF) 2012 WL 5512164, at *3 (S.D.N.Y. Nov. 14, 2012) (quoting 28 U.S.C. § 1391(c)).

16

## CONCLUSION

For all of the foregoing reasons, the Court should grant the motion and transfer this action to the Colorado Federal Courts.

Dated:  August 1, 2013

> WILMER CUTLER PICKERING
>   HALE AND DORR LLP
>
>
> By: /s/ George W. Shuster, Jr.
> George W. Shuster, Jr.
> Jeremy S. Winer
> 7 World Trade Center
> 250 Greenwich Street
> New York, New York 10007
> Tel:  (212) 230-8800
>
> Richard A. Johnston
> 60 State Street
> Boston, MA 02109
> Tel:  (617) 526-6282
>
> *Counsel for Defendants Dominion Voting*
> *Systems Corporation and Dominion Voting*
> *Systems, Inc.*

ActiveUS 113706764v.1