# **Exhibit I**

Trustee's Motion for Approval of Funding Agreement with Smartmatic USA Corporation

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re | |
| | Case No. 10-24238 HRT |
| SVS HOLDINGS, INC. | Chapter 7 |
| | |
| Debtor. | |

### TRUSTEE'S MOTION FOR APPROVAL OF FUNDING AGREEMENT
### WITH SMARTMATIC USA CORPORATION

Tom H. Connolly, Chapter 7 Trustee (the "Trustee") requests that the Court approve a Funding Agreement between the Trustee and Smartmatic USA Corporation ("Smartmatic"), and in support thereof, states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (D) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The Court has authority to grant this Motion pursuant to 11 U.S.C. §§ 105 and 364(b).

### BACKGROUND FACTS

2.      On June 8, 2010 (the "Petition Date"), SVS Holdings, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      By order entered on October 17, 2012, the Court converted the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code, and the Trustee was subsequently appointed as Chapter 7 trustee of the Debtor's estate (the "Estate").

4.      The Estate includes certain claims against third parties, including, without limitation, claims to recover fraudulent conveyances (but excluding preferential transfers)

against Dominion Voting Systems Corporation, Dominion Voting Systems, Inc., and their subsidiaries, affiliates, officers, and directors (collectively, the "Dominion Parties"), and Jack Blaine, the former chief executive officer of the Debtor, in connection with transactions involving one or more of the Dominion Parties and/or Mr. Blaine (the "Claims").

5.      The Trustee has decided that it is in the best interests of the Estate to file and prosecute the Claims for the benefit of the Estate. The Estate has limited cash on hand remaining, and without an additional source of funding, the Estate lacks the resources to (i) pay all existing administrative expense claims in full upon allowance, and (ii) pay ongoing professional fees and administrative expense claims incurred in prosecution of the Claims.

6.      The Trustee and Smartmatic, the Debtor's largest unsecured creditor, have entered into the Funding Agreement, a true and correct copy of which is attached hereto as Exhibit 1, subject to Court approval, pursuant to which Smartmatic has agreed to fund the Trustee's Court-approved professional fees and expenses incurred in the prosecution of the Claims (the "Fees and Expenses").

7.      The Trustee has determined in his reasonable business judgment that the Funding Agreement is in the best interests of the Estate and is necessary and beneficial to the fair and efficient resolution of the Bankruptcy Case. The Trustee has further determined that Smartmatic's funding the prosecution of the Claims does not conflict with the interests of the Estate.

## THE FUNDING AGREEMENT

8.      The Funding Agreement provides the Trustee the means to pay the Estate's administrative expenses associated with the investigation, analysis and prosecution of the Claims. The Funding Agreement allows for the Trustee to prosecute the Claims while protecting

the Estate from administrative insolvency.

9. The Funding Agreement's specific terms include:

(a) Subject to a funding cap of $250,000 (the "Funding Cap"), Smartmatic agrees to pay to the Estate the full amount of any administrative expense claim allowed against the Estate for the Fees and Expenses arising from or otherwise associated with the prosecution of the Claims, within 30 days of the Court's entry of an order allowing the claim for such Fees and Expenses;

(b) Smartmatic shall be entitled to administrative expense claims for funds paid to the Estate under the Funding Agreement;

(c) Smartmatic agrees to subordinate any claim or administrative expense claim it may have in connection with the amounts advanced under the Funding Agreement to all other allowed administrative expense claims.

(d) The Funding Agreement terminates on the earlier of (i) the payment by Smartmatic of allowed administrative expense claims under Section 5 of the Funding Agreement in an amount equal to the Funding Cap, or (ii) the final resolution of the Claims.

10. Payment of Administrative Expense Claims. The Trustee and his professionals will file with the Court interim applications for allowance and payment of their Fees and Expenses in accordance with Bankruptcy Code § 331, the Federal Rules of Bankruptcy Procedures, and the Local Bankruptcy Rules. Within 30 days of the Court's entry of an order allowing a fee application, Smartmatic shall pay the total allowed amount of Fees and Expenses as set forth in such order, less any fees and expenses unrelated to the scope of the Funding Agreement.

11. Payment of the Trustee's Compensation under Bankruptcy Code § 326. The Funding Agreement provides that the Trustee may seek compensation pursuant to Bankruptcy Code § 326 for distributions to the administrative expense claimants made under the Funding Agreement.

## ARGUMENT

12. The Funding Agreement provides a well-conceived mechanism to enable the

3

Trustee to prosecute the Claims for the benefit of creditors. The Funding Agreement provides for the payment in full of the Estate's administrative expenses for the prosecution of the Claims, after allowance of those administrative expense claims by the Court, provides a means for the Trustee to liquidate the Estate's primary assets, and provides an opportunity for recovery to all unsecured and administrative creditors.

13. The Trustee will continue to have complete control of all litigation, and the Trustee's proposed special litigation counsel, Rothgerber Johnson & Lyons LLP ("RJ&L"), will prosecute the Claims for the Estate, subject to the Court's approval of the Trustee's application to employ. Furthermore, no professional fees or administrative expenses will be paid to the Trustee's professionals unless and until allowed by order of this Court.

14. The Court has authority to approve the Funding Agreement pursuant to Sections 364(b) and 105(a) of the Bankruptcy Code. Section 364(b) provides:

> The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

15. The Funding Agreement allows the Trustee to obtain unsecured credit, but does not require the Trustee to give an automatically-allowed administrative expense in exchange. Rather, Paragraph 7 of the Funding Agreement permits Smartmatic to seek allowance of an administrative expense claim, with Smartmatic agreeing that any such claim will be subordinated to all other allowed administrative expense claims.

16. By its plain terms, § 364(b) authorizes the Bankruptcy Court to allow a trustee to obtain unsecured credit or debt in exchange for an allowed administrative expense, but the section does not require that such expense be given to the funding party. This approach is further supported when section 364(b) is read with Code § 105(a).

17.     The purpose of the section is to ensure that "[b]ankruptcy courts, both through their inherent powers as courts and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief." 2 Collier on Bankruptcy § 105.01 (16th ed. 2012).  While section 105(a) does not authorize the Bankruptcy Court to create substantive rights not otherwise available, it does allow the Bankruptcy Court to enter orders as necessary to carry out provisions of the title.

18.     Bankruptcy courts have consistently recognized the benefit of a creditor agreeing to fund a chapter 7 estate's prosecution of litigation claims to improve the recovery to creditors, when the estate otherwise lacks the means to prosecute the claims.  For example, in In re Ashford Hotels, Ltd., 235 B.R. 734, 738-40 (S.D.N.Y. 1999), the court explained that section 105(a) authorizes a bankruptcy court to approve a Chapter 7 trustee's entry into funding agreement with third party that had agreed to underwrite costs of pursuing the Estate causes of action.

19.     Similarly, in In re Pappas, 216 B.R. 87, 92 (Bankr. D. Conn. 1997), the bankruptcy court explained:

> This court has in more than one instance approved a trustee's employment of attorneys who also represented a creditor in an assetless estate where the creditor in effect guaranteed the payment of the attorneys' fees. Otherwise, facially viable estate causes of action might have to be abandoned. So long as there is no actual conflict of interest, such arrangements are nowhere proscribed.

20.     Similarly, the Funding Agreement provides significant benefits to the Estate by allowing the Trustee to prosecute claims for the benefit of the Estate's creditors, claims that otherwise would be lost due to a lack of funds.  In the exercise of his business judgment, the Trustee believes that the Funding Agreement is in the best interest of the Estate and all their

creditors, and should be approved.

    **WHEREFORE**, the Trustee respectfully requests that the Court enter an order (i) approving the terms of the attached Funding Agreement, (ii) ratifying the Trustee's execution of the Funding Agreement; and (iii) granting the Trustee such further relief to which he may be entitled.

DATED: November 14, 2012

                                  **FOSTER GRAHAM MILSTEIN &**
                                  **CALISHER, LLP**

                                  */s/Daniel J. Garfield*
                                  Daniel J. Garfield, #26054
                                  360 S. Garfield St., 6th Fl.
                                  Denver, Colorado 80209
                                  Tel: (303) 333-9810
                                  Fax: (303) 333-9786
                                  dgarfield@fostergraham.com

                                  *Attorneys for Chapter 7 Trustee Tom Connolly*

## CERTIFICATE OF MAILING

    I hereby certify that on this 14 day of November, 2012, a true and correct copy of the **TRUSTEE'S MOTION FOR APPROVAL OF FUNDING AGREEMENT WITH SMARTMATIC USA CORPORATION** was sent via U.S. mail, postage prepaid, and properly addressed to the following:

U.S. Trustee
999 18th St., Ste. 1551
Denver, CO 80202

Khang V. Tran
Ira S. Green
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022

Brent R. Cohen
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, CO 80202

                                  */s/ Olga Brusilovskaya*

## FUNDING AGREEMENT

This Funding Agreement (the "Agreement") is entered into as of November 13, 2012 between (i) Tom H. Connolly, the chapter 7 trustee (the, "Trustee") for the chapter 7 estate of SVS Holdings, Inc. (the "Debtor"); and (ii) Smartmatic USA Corporation ("Smartmatic"). The Trustee and Smartmatic are collectively referred to as the "Parties" to this Agreement.

## Recitals

A.     On June 8, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Colorado (the "Court"), Case No. 10-24238 HRT (the "Bankruptcy Case").

B.     By order entered on October 17, 2012, the Court converted the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code, and the Trustee was subsequently appointed as chapter 7 trustee of the Debtor's estate (the "Estate").

C.     The Estate includes claims against third parties, including, without limitation, claims to recover fraudulent conveyances (but excluding preferential transfers) against Dominion Voting Systems Corporation, Dominion Voting Systems, Inc., and their subsidiaries, affiliates, officers, and directors (collectively, the "Dominion Parties"), and Jack Blaine, the former chief executive officer of the Debtor, in connection with transactions involving one or more of the Dominion Parties and/or Mr. Blaine (the "Claims").

D.     The Trustee has decided that it is in the best interests of the Estate to file and prosecute the Claims for the benefit of the Estate. The Estate has limited cash on hand remaining, and without an additional source of funding, the Estate lacks the resources to (i) pay all existing and ongoing administrative expense claims in full upon allowance, and (ii) pay ongoing professional fees and administrative expense claims incurred in prosecution of the Claims.

E.     The Trustee has determined that this Agreement is in the best interests of the Estate and is necessary and beneficial to the fair and efficient resolution of the Bankruptcy Case. The Trustee has further determined that Smartmatic's interest in funding the prosecution of Claims does not conflict with the interests of the Estate.

F.     Pursuant to the terms of this Agreement, and subject to Court approval, Smartmatic has agreed to fund the Trustee's professional fees and expenses incurred in the prosecution of the Claims.

G.     This Agreement allows for funding of the estate's administrative costs incurred on and after the Effective Date (as defined below).

Funding Agreement – Page 1

EXHIBIT
1

## Terms

THEREFORE, the Parties agree as follows:

1.     This Agreement is effective as of the date the Court enters an order approving this Agreement (the "Effective Date").

2.     Subject to provisions of this Agreement, Smartmatic hereby agrees to fund payment, in an amount not to exceed $250,000.00 (the "Funding Cap"), of Trustee's Court-approved professionals' fees and expenses arising from or otherwise associated with the prosecution of the Claims, including, among other things, costs, professional fees, and expenses incurred in connection with: (a) investigating, analyzing and prosecuting the Claims; and (b) performing any other work necessary to facilitate or implement any of the foregoing and Trustee's compensation on distribution of such funds to administrative expense claimants (the "Funding Scope").

3.     The Trustee and the Trustee's professionals will submit interim applications for allowance and payment of their fees and expenses as an administrative expense in accordance with section 331 of the Bankruptcy Code.

4.     Within thirty days of the Court's entry of an order allowing an administrative expense claim and subject to the Funding Cap, Smartmatic shall pay to the Estate the amount allowed as set forth in the Court's order, less any amount attributable to Fees and Expenses outside of the Funding Scope.

5.     Notwithstanding any other provision of this Agreement, nothing in this Agreement shall impair Smartmatic's rights to object to the allowance and payment of any administrative expense claim or Trustee's fee, on either an interim or final application.

6.     This Agreement shall terminate on the earlier of (a) the payment by Smartmatic of allowed administrative expense claims under Section 4 hereof in an amount equal to the Funding Cap, or (b) the final resolution of the Claims (the "Termination Date"); however, subject to the Funding Cap, Smartmatic's obligations under this Agreement will survive and continue past the Termination Date as to all administrative expense claims for Fees and Expenses incurred prior to the Termination Date.

7.     Smartmatic shall be entitled to administrative expense claims against the Estate for all funds paid to the Estate under this Agreement (the "Advanced Amounts") and also reserves its rights to seek the allowance and payment of other administrative expense claims in accordance with applicable law.  Smartmatic agrees that any claim or administrative expense claim it may have in connection with the Advanced Amounts shall be subordinate to all allowed administrative expense claims entitled to payment from the Advanced Amounts pursuant to this Agreement.  The Trustee agrees that he will not seek compensation for any distributions to Smartmatic based on allowance and payment of the Advanced Amounts.

Funding Agreement — Page 2

8.      Nothing in this Agreement impairs, waives, or limits the Trustee's authority or ability to prosecute or settle the Claims in accordance with the exercise of his reasonable and independent business judgment or to perform any other duty required of the Trustee under the Bankruptcy Code. Nothing in this Agreement impairs, waives, or limits Smartmatic's right and ability to object to any decision of the Trustee to settle the Claims or to raise any objections regarding the Trustee's performance of his duties with the Court. Smartmatic's exercising such rights shall not modify Smartmatic's obligations under this Agreement.

9.      In the event that the Court awards sanctions against any of the Defendants in the litigation of the Claims that reimburse the Estate for the costs, expenses or professional fees that Smartmatic had previously funded to the Estate under this Agreement, Smartmatic or the Trustee may seek a Court order directing the Trustee to pay the amount of the sanctions award to Smartmatic which payment shall be credited against the Advanced Amounts.

10.     This Agreement shall be binding upon and inure to the benefit of each of the Parties, and each of their successors, heirs, legal representatives and assigns. The representatives signing this Agreement each warrant that they have full authority to sign on behalf of the party they respectively represent and to bind that party hereto; however, the Trustee's execution of this Agreement is expressly subject to the Court's approval.

11.     No variation of any of the terms of this Agreement (including any amendment or supplement) shall be effective unless it is in writing and signed by or on behalf of each undersigned party hereto. This Agreement and any such written variations may be executed directly by such Parties, or through counsel. This agreement may be executed in counterparts, each copy of which shall serve as an original for all purposes, but all copies shall constitute one and the same Agreement. Fax or electronically transmitted signature copies shall be effective.

12.     The Parties agree that the laws of the State of Colorado shall govern this Agreement in all respects. The Parties agree that with respect to any dispute arising from or relating to any aspect of this Agreement, venue shall properly lie solely in the Court, which shall have exclusive jurisdiction over the determination of any such matters.

AGREED TO AND ACCEPTED, ON THIS ___13___ DAY OF NOVEMBER, 2012, BY:

**SMARTMATIC USA CORPORATION**          **Tom H. Connolly, Trustee for the Chapter
7 Estate of SVS Holdings, Inc.**

By:_____           By:_____

Name:_____                 Tom H. Connolly, Trustee

Title:_____

| Comparison Details | |
|---|---|
| Title | **pdfDocs compareDocs Comparison Results** |
| Date & Time | 11/12/2012 12:25:13 PM |
| Comparison Time | 3.34 seconds |
| compareDocs version | v3.4.11.2 |

| Sources | |
|---|---|
| Original Document | [#2003922524] [v1] Funding Agreement - BRC Redline.docxDMS Information |
| Modified Document | [#2003923140] [v1] Funding Agreement 11-6.docxDMS information |

| Comparison Statistics | | | Word Rendering Set Markup Options | |
|---|---|---|---|---|
| Insertions | 1 | | Name | Standard |
| Deletions | 4 | | Insertions | |
| Changes | 2 | | Deletions | |
| Moves | 0 | | Moves / Moves | |
| TOTAL CHANGES | 7 | | Inserted cells | |
| | | | Deleted cells | |
| | | | Merged cells | |
| | | | Formatting | Color only. |
| | | | Changed lines | Mark left border. |
| | | | Comments color | ByAuthorcolor options] |
| | | | Balloons | False |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after Saving | General | Always |
| Report Type | Word | Formatting |
| Character Level | Word | False |
| Include Headers / Footers | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include List Numbers | Word | True |
| Include Tables | Word | True |
| Include Field Codes | Word | True |
| Include Moves | Word | True |
| Show Track Changes Toolbar | Word | True |
| Show Reviewing Pane | Word | True |
| Update Automatic Links at Open | Word | False |
| Summary Report | Word | End |
| Include Change Detail Report | Word | Separate |
| Document View | Word | Print |
| Remove Personal Information | Word | False |

2003929394_1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

In re

SVS HOLDINGS, INC.

Debtor.

Case No. 10-24238 HRT
Chapter 7

## TRUSTEE'S MOTION FOR APPROVAL OF FUNDING
## AGREEMENT WITH SMARTMATIC USA CORPORATION

The above-entitled matter having come before the Court on the Trustee's Motion for Approval of Funding Agreement with Smartmatic USA Corporation ("Motion"); the Court, having reviewed the pleadings filed herein and being otherwise fully advised in the premises, it is hereby

ORDERED that the Motion shall be, and hereby is, GRANTED, and that the Funding Agreement referred to in the Motion shall be approved according to its terms.

Dated: _____, 2012.

BY THE COURT

_____
United States Bankruptcy Judge