UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

SMARTMATIC USA CORPORATION,
SMARTMATIC INTERNATIONAL CORPORATION
and SMARTMATIC SERVICES CORPORATION,

                    Plaintiffs,

        – against –

DOMINION VOTING SYSTEMS CORPORATION
and DOMINION VOTING SYSTEMS, INC.,

                  Defendants.

---------------------------------------------------------------------X

No. 13-CV-05349 (KBF)

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

Plaintiffs Smartmatic USA Corporation, Smartmatic International Corporation and Smartmatic Services Corporation (collectively, "Plaintiffs") respectfully submit this memorandum of law in opposition to the Motion to Transfer Venue to the District of Colorado, pursuant to 28 U.S.C. § 1404 and/or 28 U.S.C. § 1412 (the "Transfer Motion"), filed by Defendants Dominion Voting Systems Corporation and Dominion Voting Systems, Inc. (collectively, "Defendants").

## PRELIMINARY STATEMENT

Plaintiffs commenced this action in the Supreme Court of the State of New York, New York County (the "State Court"), on June 28, 2013.  On August 1, 2013, Defendants removed this action to this Court, asserting in their Notice of Removal that federal bankruptcy jurisdiction over this action exists pursuant to 28 U.S.C. § 1334(b); that same day, Defendants filed their Transfer Motion.

Plaintiffs have moved for remand and abstention.  That motion ("Plaintiffs' Remand/Abstention Motion") is supported by a memorandum of law ("Pl. Mem.") and the accompanying declaration of Ira S. Greene ("Greene Decl.").  As Plaintiffs' Remand/Abstention Motion establishes, federal subject matter jurisdiction over this action is lacking and even if such jurisdiction existed on the theory that this action is "related to" a case under the Bankruptcy Code, see 28 U.S.C. § 1334(b) (as alleged in the Notice of Removal), this Court nonetheless would be required to abstain from adjudicating this action, pursuant to 28 U.S.C. § 1334(c)(2).

Defendants therefore respectfully submit that: (i) Defendants' Transfer Motion should be considered only after the Court determines Plaintiffs' Remand/Abstention Motion, which raises threshold questions of this Court's jurisdiction and mandatory abstention; and (ii) because Plaintiffs' Remand/Abstention Motion should be granted, Defendants' Transfer Motion should be denied as moot.

## ARGUMENT[1]

### I.   THE COURT SHOULD DECIDE PLAINTIFFS' REMAND/ABSTENTION MOTION BEFORE CONSIDERING DEFENDANTS' TRANSFER MOTION

Plaintiffs' Remand/Abstention Motion raises the threshold issues of (a) whether federal subject matter jurisdiction exists over this action and (b) even if it does, whether this Court is nevertheless mandated to abstain from exercising such jurisdiction.  This Court should first determine whether it has subject matter jurisdiction (and if so, whether it may exercise it notwithstanding 28 U.S.C. § 1334(c)(2) or decline to exercise it pursuant to 28 U.S.C. § 1334(c)(1) and 1452(b)) before it considers Defendants' Transfer Motion.  After all, if this Court

---

[1] The facts relevant to this motion are the same as those relevant to the Plaintiffs' Remand/Abstention Motion.  Accordingly, Plaintiffs incorporate by reference the statement of facts set forth in Pl. Mem. (at 4-12), the Greene Decl. and the exhibits thereto.

is without jurisdiction, or has jurisdiction but is constrained not to exercise it, there is nothing further the Court can or should do.

As Judge (now Chief Judge) Preska has explained, "[b]ecause the removal statute[2] only allows removal of actions within the Court's original jurisdiction, and because fundamental principles of American jurisprudence forbid the Court from acting in the absence of subject matter jurisdiction, … plaintiffs' contention [as to lack of federal subject matter jurisdiction on a motion to remand] must be examined before any other matter." Bank of New York v. Bank of Am., 861 F. Supp. 225, 227-28 (S.D.N.Y. 1994) (first deciding plaintiffs' motion to remand action to state court, rather than defendants' motions to dismiss or stay the action and to vacate a state court temporary restraining order). In Bank of New York, Chief Judge Preska quoted from W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994): "[W]hen a determination is made that no jurisdiction lies, the district court has 'no power to do anything but strike the case from the docket.'" Id. at 64 (quoting The Mayor v. Cooper, 73 U.S. 247, 250 (1868)). Bank of New York, 861 F. Supp. at 228. See also Weiss v. Hager, No.11 CV 2740 (VB), 2011 WL 6425542, at *2 (S.D.N.Y. Dec. 19, 2011) ("Because plaintiff's motion to remand challenges the Court's subject matter jurisdiction to hear this case, the Court will address it first"; the Court granted plaintiff's motion to remand and denied as moot defendants' motion to dismiss).

Accordingly, in cases like this one, district judges within the Second Circuit decide plaintiffs' motions to remand (and in the bankruptcy context, motions to remand and for abstention) first, before reaching the merits of defendants' motions to transfer venue. See, e.g.,

---

[2] Although the removal statute at issue in Bank of New York was 28 U.S.C. § 1441 (the general removal statute), rather than – as here – 28 U.S.C. § 1452(a) (the removal statute for claims within federal bankruptcy jurisdiction), that is a distinction without a difference, because the latter statute also requires a removed action to fall within a species of the original jurisdiction of federal district courts – i.e., "jurisdiction of such claim or cause of action under section 1334 of this title."

3

Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P., 487 B.R. 158 (S.D.N.Y. 2013) (considering first plaintiffs' motion to remand and for abstention and, only after denying that motion, considering and granting defendants' motion to transfer venue); Gibraltar Trading Corp. v. PMC Specialties Group, Inc., 851 F. Supp. 2d 437, 440-41 (E.D.N.Y. 2011)  (considering first and granting plaintiff's motion to remand action for lack of subject matter jurisdiction and denying as moot defendant's motion to transfer venue); County of Nassau v. New York, 724 F. Supp. 2d 295, 300 (E.D.N.Y. 2010) ("The Court will address plaintiffs' remand [motion] before addressing defendants' motions [including to transfer venue] because the remand motion challenges the Court's jurisdiction to hear this case. If the Court does not have jurisdiction, it does not have power to decide the defendants' motions.");  Stahl v. Stahl, No. 03 Civ. 0405 (VM), 2003 WL 22595288 (S.D.N.Y. Nov. 7, 2003) (considering first and granting plaintiff's motion to remand action to state court pursuant to 28 U.S.C. § 1452(b) and denying as moot defendant's motion to transfer venue to another district where the allegedly related bankruptcy proceeding was pending); General Elec. Cap. Corp. v. Pro-Fac Cooperative, Inc., No. 01 CIV. 10215 (LTS), 2002 WL 1300054 (S.D.N.Y. June 11, 2002) (considering first and granting plaintiff's motion to remand removed action for lack of bankruptcy jurisdiction and for abstention and denying as moot defendants' cross-motion to transfer venue to district where the allegedly related bankruptcy proceeding was pending); Renaissance Cosmetics, Inc. v. Development Specialists, Inc., 277 B.R. 5, 11 (S.D.N.Y. 2002) ("courts faced with cross-motions for remand and change of venue consider the remand motion first and, if remand is denied, turn to the motion for change of venue") (citations omitted), overruled on other grounds by Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436 (2d Cir. 2005).[3]

---

[3] Although in some instances "a federal court has leeway 'to choose among threshold grounds for denying audience

4

In light of the primacy of the threshold questions of subject matter jurisdiction and mandatory abstention raised by Plaintiffs, this Court should likewise determine Plaintiffs' Remand/Abstention Motion before even considering (if, and only if, Plaintiffs' motion is denied) Defendants' Transfer Motion.

## II.   PLAINTIFFS' REMAND/ABSTENTION MOTION SHOULD BE GRANTED AND THIS MOTION SHOULD THEREFORE BE DENIED AS MOOT

Plaintiffs' Remand/Abstention Motion demonstrates that[4]:

(i)  Federal subject matter jurisdiction is lacking.  The only basis on which Defendants even claim such jurisdiction exists is bankruptcy jurisdiction, pursuant to 28 U.S.C. § 1334(b).  However, Defendants have failed to establish, and cannot establish, such jurisdiction because this action neither "arises under" Title 11 of the United States Code (i.e., the Bankruptcy Code), "arises in" a case under Title 11, nor is "related to" a case under Title 11.  Accordingly, this action must be remanded to the State Court.  See Pl. Mem. at 13-22.

(ii)  In the alternative, even if "related to" jurisdiction existed under 28 U.S.C. § 1334(b), abstention is mandated by 28 U.S.C. § 1334(c)(2).  See Pl. Mem. at 22-24.

(iii)  In the alternative, even if mandatory abstention did not apply, this Court should exercise its authority to abstain under 28 U.S.C. § 1334(c)(1) ("permissive abstention") or remand the action on equitable grounds under 28 U.S.C. § 1452(b).  See Pl. Mem. at 25.

---

to a case on the merits[,]'" Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 575, 585 (1999)), that discretion is irrelevant to the context of this case, where the Defendants' motion is not a motion seeking dismissal on threshold, non-merits grounds, but instead seeks to transfer venue to another judicial district where it can then be litigated.  Precisely for that reason, the court in Gibraltar Trading rejected a magistrate judge's report which considered a motion to transfer venue first, explaining: "In Sinochem and Ruhrgas, the outcome would have been dismissal, whether the court ruled on subject matter jurisdiction first or not.  In contrast, deciding [defendant's] motion to transfer first would not result in dismissal, but would improperly maintain federal jurisdiction and transfer the action to the Ohio Court."  Id., 851 F. Supp. 2d at 441.

[4] In the interests of brevity, Plaintiffs merely briefly summarize the grounds upon which this Court should remand and abstain, which are fully set out in Plaintiffs' Remand/Abstention Motion, see Pl. Mem. at 13-25, and incorporate those arguments in their entirety here by reference.

Accordingly, this Court should remand and/or abstain from exercising federal jurisdiction in this action.  It follows logically that the Court should then deny Defendants' Transfer Motion as moot, just as district judges within this Circuit have repeatedly done in these circumstances.  See, e.g., Gibraltar, 851 F. Supp. 2d at 441-42; County of Nassau, 724 F. Supp. 2d at 307;  Stahl, 2003 WL 22595288, at *4; General Elec. Cap., 2002 WL 1300054, at *3.

## CONCLUSION

For the foregoing reasons, this Court should: (i) defer consideration of Defendants' Transfer Motion until it has decided Plaintiffs' Remand/Abstention Motion; and (ii) grant Plaintiffs' Remand/Abstention Motion and deny Defendants' Transfer Motion as moot.

Dated:  New York, New York
       August 30, 2013

                                                       Respectfully submitted,

                                                       **HOGAN LOVELLS US LLP**

                                                       By:___/s Marc J. Gottridge_____
                                                         Ira S. Greene
                                                         Marc J. Gottridge
                                                           David R. Michaeli
                                                875 Third Avenue
                                                New York, NY 10022
                                                Tel:    (212) 918-3000
                                                Fax:   (212) 918-3100
                                                Email: Ira.Greene@hoganlovells.com
                                                                Marc. Gottridge@hoganlovells.com
                                                                David.Michaeli@hoganlovells.com

                                                *Counsel for Plaintiffs Smartmatic USA*
                                                  *Corporation, Smartmatic International*
                                                  *Corporation and Smartmatic Services*
                                                  *Corporation*