UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

SMARTMATIC USA CORPORATION,      :
SMARTMATIC INTERNATIONAL CORPORATION      :
and SMARTMATIC SERVICES CORPORATION,      :
      :
            Plaintiffs,      :
      :
      – against –      :
      :      No. 13-CV-05349 (KBF)
DOMINION VOTING SYSTEMS CORPORATION      :
and DOMINION VOTING SYSTEMS, INC.,      :
      :
            Defendants.      :
      :

-----------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
OR, IN THE ALTERNATIVE, TO STAY THIS ACTION**

HOGAN LOVELLS US LLP
Ira S. Greene
Marc J. Gottridge
David R. Michaeli
875 Third Avenue
New York, NY 10022
Tel:    (212) 918-3000
Fax:    (212) 918-3100

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ........................................................................................................ 4

I.    THE COURT SHOULD DECIDE PLAINTIFFS' REMAND/ ABSTENTION
      MOTION BEFORE CONSIDERING DEFENDANTS' MOTION TO
      DISMISS/STAY ............................................................................................ 4

II.   PLAINTIFFS' REMAND/ABSTENTION MOTION SHOULD BE GRANTED
      AND THIS MOTION SHOULD THEREFORE BE DENIED AS MOOT .......... 6

III.  IF THE COURT DENIES PLAINTIFFS' REMAND/ABSTENTION  MOTION,
      THIS MOTION SHOULD ALSO BE DENIED BECAUSE PLAINTIFFS HAVE
      STANDING TO PURSUE THEIR CLAIMS,  THE ACTION IS NOT BARRED
      BY ANY BANKRUPTCY STAY  AND  PLAINTIFFS HAVE SUFFICIENTLY
      PLEADED THEIR  FRAUDULENT TRANSFER CLAIMS ............................. 7

      A.    Defendants' Arguments Based on the Allegedly Exclusive  Right of the
            SVS Trustee to Pursue Fraudulent Transfer  Claims Against Defendants
            Are Speculative and Premature ................................................................ 7

            1.    Plaintiffs Have Standing to Sue Defendants  Over the Fraudulent
                  Transfers by Sequoia ..................................................................... 9

      B.    There is No Automatic Stay Barring Claims Against Non-Debtor Sequoia
            ................................................................................................................ 10

      C.    Plaintiffs Have Adequately Pleaded Their Fraudulent Transfer Claims .. 11

IV.   DEFENDANTS' ALTERNATIVE REQUEST FOR A STAY SHOULD BE
      DENIED ...................................................................................................... 15

CONCLUSION ..................................................................................................... 16

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).............................................................................................11

Bank of New York v. Bank of Am.,
    861 F. Supp. 225 (S.D.N.Y. 1994).................................................................4, 5

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007).............................................................................................11

Benton v. Adams,
    56 P.3d 81 (Colo. 2002).....................................................................................14

Bernheim v. Burden,
    1 N.Y.S.2d 689 (N.Y. App. Div. 1938) ...........................................................14

Brown Bark II, L.P. v. Coakley,
    934 N.E.2d 991 (Ohio App. 2010)...................................................................14

Cotter v. Milly LLC,
    No. 09 Civ. 04639(PGG), 2010 WL 286614 (S.D.N.Y. Jan. 22, 2010) ...............5, 6

Forest Park Pictures v. Universal Television Network, Inc.,
    683 F.3d 424 (2d Cir. 2013).............................................................................11

In re Bernard L. Madoff Inv. Securities LLC,
    Nos. 11 Misc. 337, 11 Misc. 338, 11 Misc. 352, 2012 WL 5511952 (S.D.N.Y. Nov.
    14, 2012) .............................................................................................................11

In re Kimmel,
    367 B.R. 166 (Bankr. N.D. Cal. 2007), aff'd on other grounds, 378 B.R. 630 (B.A.P.
    9th Cir. 2007), aff'd, 302 Fed. App'x 518 (9th Cir. 2008) ...........................9

In re Michener,
    217 B.R. 263 (Bankr. D. Minn. 1998) .............................................................15

In re W.R. Grace & Co.,
    281 B.R. 852 (Bankr. D. Del. 2002) .................................................................14

Jones v. Goord,
    435 F.Supp.2d 221 (S.D.N.Y. 2006).................................................................9

L-7 Designs, Inc. v. Old Navy, LLC,
   647 F.3d 419 (2d Cir. 2011)...........................................................................11

Nakahata v. New York-Presbyterian Healthcare System, Inc.,
   723 F.3d 192 (2d Cir. 2013)...........................................................................13

New York Commercial Bank v. Pullo,
   No. 12–02052 (BRL), 2013 WL 494050 (Bankr. S.D.N.Y. Feb. 7, 2013)............................2

Overview Books, LLC v. U.S.,
   438 Fed. App'x 31 (2d Cir. 2011)......................................................................5

R.L. Friedland Realty, Inc. v. Mitlin Equities Corp.,
   519 N.Y.S.2d 170 (Yonkers City Ct. 1987).............................................................14

Robinson v. Blank,
   No. 11 Civ. 2480(PAC)(DF), 2013 WL 2156040 (S.D.N.Y. May 20, 2013).........................9

Schultz v. Tribune ND, Inc.,
   754 F.Supp.2d 550 (E.D.N.Y. 2010) ...................................................................5

Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,
   549 U.S. 422 (2007)......................................................................................5

The Mayor v. Cooper,
   73 U.S. 247 (1868)........................................................................................5

Universal Well Services, Inc. v. Avoco Natural Gas Storage,
   222 B.R. 26 (W.D.N.Y. 1998)...........................................................................2

W.G. v. Senatore,
   18 F.3d 60 (2d Cir. 1994) ...............................................................................5

Weiss v. Hager, No. 11 CV 2740 (VB), 2011 WL 6425542 (S.D.N.Y. Dec. 19, 2011) ............4, 6

Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co.,
   No. 01 Civ. 1044 (RJH)(HBP), 2005 WL 912184 (S.D.N.Y. Apr. 19, 2005)......................15

STATUTES

11 U.S.C. § 362(a)(1)..........................................................................................10

11 U.S.C. § 544...................................................................................................8

11 U.S.C. § 544(b)(1) ...........................................................................................8

28 U.S.C. § 1334(b) ..........................................................................................2, 6

iii

28 U.S.C. § 1334(c)(1).............................................................................................6

28 U.S.C. § 1334(c)(2).......................................................................................1, 2, 6

28 U.S.C. § 1441....................................................................................................4

28 U.S.C. § 1452(a)...............................................................................................4

28 U.S.C. § 1452(b)...............................................................................................6

Colo. Rev. Stat. § 38-8-102(3)............................................................................14

Colo. Rev. Stat. § 38-8-108(1)(a)........................................................................12

Colo. Rev. Stat. § 38-8-112.................................................................................14

Del. Code tit. 6, § 1301(3)...................................................................................14

Del. Code tit. 6, § 1307(a)(1)..............................................................................12

N.Y. C.P.L.R. § 503(a).........................................................................................3

N.Y. Debt. & Cred. Law § 278(1)(a)...................................................................12

**RULES**

Fed. R. Civ. P. 8(a).............................................................................................11

Fed. R. Civ. P. 9(b).............................................................................................11

Fed. R. Civ. P. 12(b)(1).......................................................................................2

Fed. R. Civ. P. 12(b)(6)............................................................................... passim

Fed. R. Civ. P. 15(a)(2).......................................................................................14

Plaintiffs Smartmatic USA Corporation ("Smartmatic USA"), Smartmatic International Corporation ("Smartmatic International") and Smartmatic Services Corporation ("Smartmatic Services") (collectively, "Plaintiffs" or "Smartmatic") respectfully submit this memorandum of law in opposition to the Motion to Dismiss the Complaint or, in the Alternative, to Stay this Action (the "Motion to Dismiss/Stay") filed by defendants Dominion Voting Systems Corporation and Dominion Voting Systems, Inc. (collectively, "Defendants" or "Dominion").

## PRELIMINARY STATEMENT

The Motion to Dismiss/Stay is one of three motions pending in this state-law fraudulent transfer action, which Plaintiffs commenced in the Supreme Court of the State of New York, County of New York (the "State Court") on June 28, 2013 and Defendants removed to this Court on August 1, 2013. The others are: (1) Plaintiffs' Motion to Remand and for Abstention (the "Remand/Abstention Motion") and (2) Defendants' Motion to Transfer Venue to the District of Colorado (the "Transfer Motion"). Defendants have already agreed that this Court should defer adjudication of their Transfer Motion "until after the Court determines its jurisdiction over" this action,[1] and the logic supporting that sequencing applies with equal force to the instant Motion to Dismiss/Stay. If, as Plaintiffs have demonstrated, the Court lacks subject matter jurisdiction over this action – or if it has jurisdiction but is required to abstain from exercising such jurisdiction under 28 U.S.C. § 1334(c)(2)[2] – the Court will have no occasion to consider the

---

[1] Dominion's Memorandum of Law (1) in Opposition to Plaintiffs' Motion to Remand and for Abstention and (2) in Further Support of Dominion's Motion to Transfer Venue, filed September 9, 2013 (Docket Entry No. 32) ("Def. Opp. to Remand/Abstention Mem."), p. 2.

[2] See Memorandum of Law in Support of Plaintiffs' Motion to Remand and for Abstention, filed August 30, 2013 (Docket Entry No. 26) ("Pl. Remand/Abstention Mem."), pp. 13-22 (explaining why this Court lacks federal subject matter jurisdiction), pp. 22-24 (explaining why even if "related to" jurisdiction existed, abstention is mandatory under 28 U.S.C. § 1334(c)(2)).

Defendants have argued that if the Court determines that it has subject matter jurisdiction, it should nevertheless hold "in abeyance" the abstention issues until determining the Transfer Motion. Def. Opp. to Remand/Abstention Mem., p. 8. At least as to mandatory abstention, Defendants' suggestion that the Court can exercise such discretion

1

merits of Defendants' alternative requests for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or for a stay; in that event, those issues will be for the State Court.

As Plaintiffs established in the Remand/Abstention Motion, federal subject matter jurisdiction is lacking, and even if such jurisdiction existed under Defendants' theory that this action is "related to" a case under the Bankruptcy Code, see 28 U.S.C. § 1334(b), this Court would nonetheless be required to abstain from adjudicating this action pursuant to 28 U.S.C. § 1334(c)(2). Plaintiffs accordingly submit that: (i) as in the case of the Transfer Motion, Defendants' Motion to Dismiss/Stay should be considered only after the Court determines Plaintiffs' Remand/Abstention Motion and the threshold questions of jurisdiction and abstention raised in that motion, and (ii) because Plaintiffs' Remand/Abstention Motion should be granted, Defendants' Motion to Dismiss/Stay should be denied as moot. Defendants, of course, would then be free to raise the questions raised by the instant motion – relating to Plaintiffs' standing, whether Plaintiffs have properly sufficiently their state law fraudulent transfer claims, and whether the action should be stayed pending developments in the Chapter 7 bankruptcy case of the parent company of the alleged fraudulent transferor  (the "SVS Bankruptcy Case") – before the State Court, which has jurisdiction over this action.

If, however, the Court denies the Remand/Abstention Motion and reaches the merits of Defendants' Motion to Transfer/Stay, the instant motion should still be denied. Defendants' contentions that Plaintiffs lack standing and that the automatic stay in SVS's Bankruptcy Case

---

is contrary to Congress' clear command that a federal district court "shall abstain from hearing such proceeding" if the statutory criteria are met. 28 U.S.C. § 1334(c)(2). See New York Commercial Bank v. Pullo, No. 12–02052 (BRL), 2013 WL 494050 at *3, 8 (Bankr. S.D.N.Y. Feb. 7, 2013) (holding mandatory abstention under 28 U.S.C. § 1334(c)(2) must be decided before a competing motion to transfer venue, and that a finding that abstention is warranted renders the transfer motion moot); Universal Well Services, Inc. v. Avoco Natural Gas Storage, 222 B.R. 26, 30-32 (W.D.N.Y. 1998) (considering plaintiffs' mandatory abstention argument prior to defendants' motion to transfer after finding subject matter jurisdiction and holding that abstention rendered the transfer motion moot). Defendants' attempt to rewrite 28 U.S.C. § 1334(c)(2) so that it means a district court "may," rather than "shall," abstain must be rejected.

bars this action are based only on their speculation that the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court") will, after a trial that will not be held until August 2014 at the earliest, substantively consolidate (over Defendants' vehement objections) the alleged fraudulent transferor, non-debtor Sequoia Voting Systems, Inc. ("Sequoia"), with its debtor parent, SVS Holdings, Inc. ("SVS").  As a matter of law, however, the question of standing must be determined based on the facts in existence **when the action was commenced**. Plaintiffs were then (and still are) creditors of non-debtor Sequoia, who allege that they were injured by fraudulent transfers made by Sequoia to Defendants.   Plaintiffs are entitled to pursue those claims on their own.  Nothing that has occurred in the SVS Bankruptcy Case has changed that.  In particular, the automatic stay, applicable to claims against SVS, does not apply to claims against its non-debtor subsidiary, Sequoia.

Plaintiffs have amply alleged their claims against Defendants for fraudulent transfer under applicable state law.  Notwithstanding Defendants' crabbed and unnatural readings of the Complaint, the allegations of the Complaint sufficiently allege facts which, if accepted as true ( as they must be on this motion), with all reasonable inferences drawn in Plaintiffs' favor, amply state cognizable claims for the relief sought.[3]

Finally, Defendants' alternative request for a stay, based only on speculation that the Bankruptcy Court will grant substantive consolidation over their objections, is also unfounded.

---

[3] As noted below, in the unlikely event that this (or another) Court concludes otherwise, Plaintiffs request leave to replead to cure any deficiencies discerned by the Court.  See p. 13-14 infra.

Plaintiffs have not moved to dismiss this action for lack of personal jurisdiction or improper venue, nor have they suggested that the State Court either lacks personal jurisdiction over them or is an improper venue under N.Y. C.P.L.R. § 503(a).  Both Defendants are registered as foreign corporations authorized to do business in New York and both have appointed a registered agent to receive process here.  Complaint [attached as Exhibit A to the accompanying declaration of Ira S. Greene (Docket Entry 31) (the "Greene Decl.")] ¶ 8.  In addition, the first of the two fraudulent transfers at issue in this action involves Sequoia's transfer to one of the Defendants of valuable rights, under Sequoia's contract with the State of New York, to provide voting systems, devices and related goods and services to counties within this state.  Id. ¶¶ 16-19.

The Motion to Dismiss/Stay should therefore be denied in all respects.

## ARGUMENT[4]

**I.   THE COURT SHOULD DECIDE PLAINTIFFS' REMAND/ ABSTENTION MOTION BEFORE CONSIDERING DEFENDANTS' MOTION TO DISMISS/STAY**

The threshold issues in this case are whether the Court lacks federal subject matter jurisdiction and, even if it has such jurisdiction, whether this Court must nevertheless abstain from exercising it.  As is also true of the issues raised by Defendants' Transfer Motion,[5] these threshold questions must be decided **before** this Court considers Defendants' Motion to Dismiss/Stay.

Judge (now Chief Judge) Preska has explained that "[b]ecause the removal statute[6] only allows removal of actions within the Court's original jurisdiction, and because fundamental principles of American jurisprudence forbid the Court from acting in the absence of subject matter jurisdiction, . . . plaintiffs' contention [as to lack of federal subject matter jurisdiction, raised by a motion to remand] must be examined before any other matter." Bank of New York v. Bank of Am., 861 F. Supp. 225, 227-28 (S.D.N.Y. 1994).

Thus, in Bank of New York, the court first decided plaintiffs' motion to remand the action to state court, rather than defendants' motions to dismiss or stay the action and to vacate a

---

[4] The facts pertinent to this motion are the same facts relevant to the Remand/Abstention Motion.  Rather than repeat those facts, Plaintiffs therefore incorporate by reference the statement of facts set forth in their memorandum of law in support of that motion (see Pl. Remand/Abstention Mem., pp. 4-12) and in the accompanying Greene Decl. and the exhibits thereto.

[5] See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Transfer Venue, filed August 30, 2013 (Docket Entry 29), pp. 2-5.

[6] Although the removal statute at issue in Bank of New York was 28 U.S.C. § 1441 (the general removal statute), rather than – as here – 28 U.S.C. § 1452(a) (the removal statute for claims within federal bankruptcy jurisdiction), that is a distinction without a difference, because the latter statute also requires a removed action to fall within a species of the original jurisdiction of federal district courts – i.e., "jurisdiction of such claim or cause of action under section 1334 of this title." Id.

state court temporary restraining order.  Id.  Similarly, in Weiss v. Hager, No. 11 CV 2740 (VB), 2011 WL 6425542, at *2 (S.D.N.Y. Dec. 19, 2011), Judge Briccetti granted plaintiff's motion to remand and denied, as moot, defendants' motion to dismiss, explaining that "[b]ecause plaintiff's motion to remand challenges the Court's subject matter jurisdiction to hear this case, the Court will address it first."[7]  See also Cotter v. Milly LLC, No. 09 Civ. 04639(PGG), 2010 WL 286614, at *2 (S.D.N.Y. Jan. 22, 2010) (Gardephe, J.) ("Because the issue of proper removal involves this Court's subject matter jurisdiction, it must be decided prior to [defendant's] motion to dismiss under Rule 12(b)(6)."); Schultz v. Tribune ND, Inc., 754 F.Supp.2d 550, 555 n.6 (E.D.N.Y. 2010) (Bianco, J.) ("the Court will address plaintiff's motion to remand before addressing defendant's motion to dismiss, because the remand motion challenges the Court's jurisdiction to hear this case. If the Court does not have jurisdiction, it does not have the power to decide defendant's motion.").

The rationale for the proper sequencing of the issues presented by the motions in this case, as quoted by Chief Judge Preska in Bank of New York, is that "[w]hen a determination is made that no jurisdiction lies, the district court has no 'power to do anything  but strike the case from the docket.'" W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994) (quoting The Mayor v. Cooper, 73 U.S. 247, 250 (1868)).  Bank of New York, 861 F. Supp. at 228.

This Court must therefore first determine whether it must remand this action to the State Court where it was originally filed or, alternatively, abstain from adjudicating the action, before considering any other issues, including those raised in the Motion to Dismiss/Stay.

---

[7] Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422 (2007) does not alter this conclusion.  In that case, the Supreme Court merely recognized federal district courts' limited "leeway to choose among threshold grounds for denying audience to a case on the merits" so long as the grounds selected by the court constitute "[d]ismissal short of reaching the merits." Id. at 431 (emphasis added) (citation and internal quotations omitted). Sinochem is inapposite because here Defendants' motion –requesting dismissal of the action for alleged lack of standing and failure to state a claim – seeks a determination on the merits.  See Overview Books, LLC v. U.S., 438 Fed. App'x 31, 33 (2d Cir. 2011) ("dismissal under Rule 12(b)(6) constituted an adjudication on the merits").

## II.   PLAINTIFFS' REMAND/ABSTENTION MOTION SHOULD BE GRANTED AND THIS MOTION SHOULD THEREFORE BE DENIED AS MOOT

In support of their Remand/Abstention Motion,[8] Plaintiffs have demonstrated that:

(i) **Federal subject matter jurisdiction is lacking**.  The only basis on which Dominion claims such jurisdiction exists is bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b).  However, Dominion has failed to establish, and cannot establish, such jurisdiction because this action neither "arises under" Title 11 of the United States Code (i.e., the Bankruptcy Code), "arises in" a case under Title 11, nor is "related to" a case under Title 11.  Accordingly, this action must be remanded to the State Court.  See Pl. Remand/Abstention Mem., pp. 13-22.

(ii) **Alternatively, this Court must (or, at a minimum, should) abstain from adjudicating this action**.  Even if "related to" jurisdiction existed under 28 U.S.C. § 1334(b), abstention is mandated by 28 U.S.C. § 1334(c)(2).  See Pl. Remand/Abstention Mem., pp. 22-24. Even if abstention were not mandatory, the relevant factors support the Court's exercise of its authority to abstain under 28 U.S.C. § 1334(c)(1) ("permissive abstention") or remand the action on equitable grounds under 28 U.S.C. § 1452(b).  See Pl. Mem., p. 25.

This Court should therefore remand and/or abstain from exercising federal jurisdiction in this action.  Then, as district judges within this Circuit have repeatedly done in these circumstances, the Court should deny the instant Motion to Dismiss/Stay as moot.  See, e.g., Weiss, 2011 WL 6425542, at *5; Cotter, 2010 WL 286614, at *9.

Such denial, of course, would leave Defendants free to move the State Court to dismiss the Complaint and/or to stay the action.

---

[8] In the interests of brevity, Plaintiffs merely briefly summarize the grounds upon which this Court should remand and abstain, which are fully set out in Pl. Remand/Abstention Mem., see id. at pp. 13-25, and incorporate those arguments in their entirety here by reference.

**III.    IF THE COURT DENIES PLAINTIFFS' REMAND/ABSTENTION MOTION, THIS MOTION SHOULD ALSO BE DENIED BECAUSE PLAINTIFFS HAVE STANDING TO PURSUE THEIR CLAIMS, THE ACTION IS NOT BARRED BY ANY BANKRUPTCY STAY AND  PLAINTIFFS HAVE SUFFICIENTLY PLEADED THEIR <u>FRAUDULENT TRANSFER CLAIMS</u>**

Even if this Court had subject matter jurisdiction over (and did not abstain from adjudicating) this action, Defendants' request that the Complaint be dismissed would still fail on the merits.

Defendants contend that (a) because the SVS Trustee is supposedly the only person who can file fraudulent transfer claims against Defendants, (i) Plaintiffs lack standing to assert the claims contained in the Complaint in this action and (ii) the Bankruptcy Code's automatic stay in the SVS Bankruptcy Case bars this action (<u>see</u> Memorandum of Law in Support of Motion by Dominion Voting Systems Corporation and Dominion Voting Systems, Inc. to Dismiss the Complaint, or, in the Alternative, to Stay this Action (Docket Entry 11) ("Def. Mem."), pp. 8-15); and (b) Plaintiffs have inadequately pleaded that they have any current, valid and enforceable claims against Sequoia, the alleged fraudulent transferor (<u>see</u> <u>id</u>., pp. 15-18).  These arguments are without merit.

**A.    Defendants' Arguments Based on the Allegedly Exclusive Right of the SVS Trustee to Pursue Fraudulent Transfer <u>Claims Against Defendants Are Speculative and Premature</u>**

As in the case of their arguments against Plaintiffs' Remand/Abstention Motion, Defendants' principal contention for dismissal of this action is premised purely on speculation – i.e., the conjecture that when the Bankruptcy Court finally decides whether to substantively consolidate the estate of debtor SVS with its non-debtor subsidiary Sequoia (the alleged fraudulent transferor whose transfers to Dominion are the subject of this action), the Bankruptcy Court will overrule Defendants' "vigorous[]" opposition to such consolidation.   Def. Mem., p.

9.[9]  Defendants thus argue only that "**if** SVS and Sequoia are substantively consolidated in the [SVS Bankruptcy Case], the New York Complaint must be dismissed." Id.  (emphasis added). In particular, they claim that "**if** [the Trustee's] theory is accepted, and the SVS Trustee is permitted to pursue [claims under 11 U.S.C. § 544][10] related to Sequoia's assets, **then**, under applicable bankruptcy law," the SVS Trustee's right to do so **would** be exclusive and Plaintiffs **would** lack standing; in that event, the claims in this action also "**would** be barred by the Bankruptcy Court's automatic stay." Id. (emphasis added).

At best, these hypothetical arguments are premature.  They cannot, as a matter of law, justify dismissal of the Complaint.  As Defendants admit, the Bankruptcy Court has **not** decided the substantive consolidation issue.  See Def. Mem. p. 22.  Defendants have moved to dismiss the SVS Trustee's claim for such consolidation, and that motion is scheduled to be argued before the Bankruptcy Court on September 26, 2013.  See Greene Decl. ¶ 9.  If, however, the Bankruptcy Court denies that motion, the issue will remain to be tried, and that trial is not scheduled to take place until **August 2014**.  Id. ¶ 10**.** The factual predicate for Defendants' "standing" and "automatic stay" arguments thus does not now exist, and will never exist unless and until, after trial, the Bankruptcy Court overrules Defendants' own objections and substantively consolidates the non-debtor Sequoia with the SVS estate.  At this time, there is no

[9] As described more fully at pp. 10-11 of Plaintiffs' Remand/Abstention Mem., Dominion has moved to dismiss the SVS Trustee's complaint on numerous grounds, including that (a) Sequoia is not a debtor in any bankruptcy case, (b) the Bankruptcy Code does not permit substantive consolidation of a debtor's assets and liabilities with those of a non-debtor such as Sequoia, (c) substantive consolidation would be inequitable and would deprive Dominion of due process of law, (d) the SVS Trustee's substantive consolidation claim violates the Federal Rules of Civil Procedure, and (e) the SVS Trustee's allegations concerning the relationship between SVS and Sequoia fail to establish a basis for substantive consolidation.

[10] Dominion's argument that 11 U.S.C. § 544 confers exclusive authority on the SVS Trustee to bring the claims Smartmatic asserts in this action is misplaced as that provision applies only to actions to recover transfers "of an interest **of the debtor** . . . ."  11 U.S.C. § 544(b)(1) (emphasis added).  Here, Smartmatic, as a creditor of Sequoia, seeks to recover transfers made by Sequoia, who is not presently a debtor.  Accordingly, § 544 does not presently grant the SVS Trustee exclusive authority to recover the fraudulent transfers made by Sequoia.

reason to question Plaintiffs' standing and the automatic stay in the SVS Bankruptcy Case is of

no consequence to this action.

**1.    Plaintiffs Have Standing to Sue Defendants
Over the Fraudulent Transfers by Sequoia**

The standing of a plaintiff is determined at the time the complaint is filed.  Robinson v.

Blank, No. 11 Civ. 2480(PAC)(DF), 2013 WL 2156040, at *3 (S.D.N.Y. May 20, 2013); Jones

v. Goord, 435 F.Supp. 2d 221, 255 (S.D.N.Y. 2006).   Because it is undisputed that as of the time

the complaint was filed in the State Court – and indeed now – the SVS estate was not (and is not)

substantively consolidated with non-debtor Sequoia, the SVS Trustee presently lacks authority to

avoid and recover fraudulent transfers on behalf of any of **Sequoia's** creditors other than SVS

itself.  Accordingly, the SVS Trustee did not (and does not) have the "exclusive" authority to

bring such claims, as the defendants suggest.  See Def. Mem., p. 10.  It may be true that "[a]

creditor lacks standing to assert for itself an avoidance claim that only the trustee can bring on

behalf of all creditors" (id.), but this proposition is entirely irrelevant to the claims at issue here.

Plaintiffs brought those claims as creditors of **Sequoia** and the SVS Trustee did not have when

this action was filed, and does not now have, authority to recover fraudulent transfers on behalf

of any Sequoia creditors other than SVS.  Only if and when, over the Defendants' strong

objections, the Bankruptcy Court grants the Trustee such authority, by substantively

consolidating the SVS estate with Sequoia, will he have such authority.  But until then, it is

beyond question that Plaintiffs, as creditors of Sequoia, have standing to assert the claims in the

Complaint, and to the extent Defendants assert to the contrary, they are simply wrong as a matter

9

of law.[11]  See, e.g., In re Kimmel, 367 B.R. 166, 169 n.5 (Bankr. N.D. Cal. 2007) ("The right to

maintain a UFTA action belongs to individual creditors prior to bankruptcy."), aff'd on other

grounds, 378 B.R. 630 (B.A.P. 9th Cir. 2007), aff'd, 302 Fed. App'x 518 (9th Cir. 2008).

**B.**     **There is No Automatic Stay Barring**
          **Claims Against Non-Debtor Sequoia**

Equally unsupported by law, or presently existing facts, is Defendants' argument that

Plaintiffs' pursuit of the claims in this action violates the automatic stay imposed pursuant to 11

U.S.C. § 362(a)(1).  See Def. Mem., pp. 13-14.  That argument, too, is entirely speculative, based

on the hypothesis that, at some point in the future, the Bankruptcy Court may decide to

substantively consolidate the SVS estate with non-debtor Sequoia.   See id., p. 14 ("**If** SVS and

Sequoia **were** combined under the SVS Trustee's substantive consolidation theory, the automatic

stay **would** apply to any actions seeking recoveries on claims against Sequoia" and

"Smartmatic's pursuit of those claims **would** violate the automatic stay . . .") (emphasis added).

The automatic stay provision of the Bankruptcy Code prohibits, among other things, the

prosecution of actions "to recover a claim against the **debtor** that arose before the

commencement of the case"   11 U.S.C. § 362(a)(1) (emphasis added).   But it is undisputed that

Sequoia is not now a "debtor" in any bankruptcy proceeding – and if Defendants get their way in

the Bankruptcy Court litigation, it never will become one.  If that changes, so that at some point

after the trial now scheduled for August 2014,[12] the Bankruptcy Court decides to make Sequoia a

---

[11] The cases Dominion cites at pp. 9-12 of the Def. Mem. are all irrelevant as none involved attempts by a defendant
to preclude fraudulent transfer claims by a creditor of a non-debtor on the theory that the trustee of a separate debtor
sought to bring similar claims.

[12] Defendants assert that a "resolution" of the substantive consolidation issue in the Bankruptcy Court "could come
as soon as a final ruling on Dominion's motion to dismiss" the SVS Trustee's action against Defendants.  Def.
Mem., pp. 18-19.  But that is only so if the Bankruptcy Court grants that motion and dismisses the SVS Trustee's
substantive consolidation claims on Defendants' Rule 12(b)(6) motion; if the Bankruptcy Court denies that motion,
then the issue will have to be tried, and trial is not scheduled to commence until next August.  If the Bankruptcy
Court grants the Defendants' motion to dismiss, there will, by definition, be no substantive consolidation, and

debtor in the SVS Bankruptcy Case, then Plaintiffs will be subject to the resulting automatic stay.  But until then, the argument that the stay bars the action is fatuous and affords no basis for dismissal of the Complaint.

### C.    Plaintiffs Have Adequately Pleaded Their Fraudulent Transfer Claims

Defendants next attack the sufficiency of Plaintiffs' pleading of their fraudulent transfer claims under New York, Delaware and Colorado law.  Under the familiar standards governing Rule 12(b)(6) motions, this branch of Defendants' motion is devoid of merit.

In evaluating a motion to dismiss under Rule 12(b)(6), the court must "accept all of the complaint's factual allegations as true and draw all reasonable inferences in the plaintiffs' favor." Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2013) (reversing denial of motion to dismiss).  A complaint must only "state a claim that is plausible on its face," Forest Park Pictures, 683 F.3d at 429 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), a standard that is met when the complaint pleads factual content that permits the court to draw reasonable inferences that the defendant is liable for the alleged misconduct.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); See also L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 n.10 (2d Cir. 2011) (Twombly and Iqbal have "rendered even more important" district "judges' adherence to the most fundamental pleading principles – namely, accepting as true all factual allegations and drawing all reasonable inferences from those facts in plaintiffs' favor . . . .").[13]

---

Defendants' predicate for their "standing " and "automatic stay" arguments for dismissal of this action – and indeed, their predicate for alleging the existence of federal subject matter jurisdiction – will never come to pass.

[13] Plaintiffs need only meet Rule 8's liberal pleading standards and are not required to plead with specificity under Rule 9(b).  See, e.g., In re Bernard L. Madoff Inv. Securities LLC, Nos. 11 Misc. 337, 11 Misc. 338, 11 Misc. 352, 2012 WL 5511952 at *3 (S.D.N.Y. Nov. 14, 2012) (rejecting argument that Rule 9(b) applied to claims for fraudulent transfer under New York law and the bankruptcy code and holding "courts consistently apply Rule 8(a) to claims of constructive fraudulent transfer, even where, as here, there are allegations that the defendants were aware of the misconduct when they received the transfers").

Plaintiffs' Complaint (Greene Decl. Ex. A) contains two causes of action, one against each Defendant, for fraudulent transfer under state laws which permit a plaintiff to avoid and recover a fraudulent transfer to the extent necessary to satisfy such plaintiff's claims against the transferor.  See N.Y. Debt. & Cred. Law § 278(1)(a) (permitting avoidance of fraudulent conveyance "to the extent necessary to satisfy [a creditor's] claim"); Del. Code tit. 6, § 1307(a)(1) (same); Colo. Rev. Stat. § 38-8-108(1)(a) (same).  Defendants contend that these claims are insufficiently pleaded because each Plaintiff has failed to allege that it "currently has a valid, enforceable claim against Sequoia."  Def. Mem., p. 16.   This argument does not survive scrutiny.

Citing facially inapposite cases in which fraudulent transfer claims were held barred by the statute of limitations[14] or because the plaintiff was no longer a creditor, Defendants argue that Plaintiffs' allegations do not include that their claims against Sequoia are "currently valid and enforceable." Def. Mem., p. 16.  But, particularly when considered under the appropriate standard for evaluating complaints on Rule 12(b)(6) motions (see p. 11 supra),  this assertion badly misses the mark.

The Complaint alleges as follows:

As to **Smartmatic USA**, that its predecessor in interest, Smartmatic Corp., was Sequoia's former parent, that "[i]n connection with Smartmatic Corp.'s divestiture of Sequoia in 2007, Smartmatic Corp. retained all tax benefits of Sequoia accruing on or prior to November 5, 2007" and that **"[a]t all times relevant to this Complaint**, including at the time of each of the 2009

---

[14] See Def. Mem., p. 16.  Defendants do not claim that Plaintiffs' claims are time-barred, and have not moved to dismiss the Complaint on that basis. Any such suggestion would, moreover, be incorrect and unfounded.  As noted in the Remand/Abstention Motion, Plaintiffs filed their Complaint in June 2013 precisely in order to preserve their claims before any of them might become subject to any limitations defense.  See Pl. Remand/Abstention Mem., p. 22 n.10.

Transfer and the 2010 Transfer (as defined below**), Sequoia was indebted to Smartmatic USA, as successor to Smartmatic Corp., in the aggregate amount of not less than $1,314,636.00 for such tax benefits**."  Greene Decl. Ex. A ¶ 12 (emphasis added).

As to Smartmatic International, that it "**provided goods and services to Sequoia for which it has not been paid in full", that "[a]t all times relevant to this Complaint**, including at the time of each of the 2009 Transfer and the 2010 Transfer (as defined below**), Sequoia was indebted to Smartmatic International for such goods and services in an amount not less than $45,342.09"** and that, on information and belief, **"the total amount of the debt owed by Sequoia to Smartmatic, at all times relevant to this Complaint, may be $1,110,775.09"** Id. ¶ 13 (emphasis added).

And as to Smartmatic Services, that it "**provided goods and services to Sequoia for which it has not been paid in full", and that "[a]t all times relevant to this Complaint**, including at the time of each of the 2009 Transfer and the 2010 Transfer (as defined below**), Sequoia was indebted to Smartmatic Services in the aggregate amount of not less than $199,997.03."** Id. ¶ 14 (emphasis added).

It is pure pedantry for Defendants to quibble that Plaintiffs have failed to allege that they have claims that are "currently valid and enforceable against Sequoia."  Def. Mem., p. 17.  A fair reading of the allegations, drawing all reasonable inferences in Plaintiffs' favor, is that, at all relevant times (including the date of filing of the Complaint and the present), Sequoia was (and is) indebted to the Plaintiffs in the amounts pleaded, so that this requirement is satisfied. Defendants' insistence on rote pleading is unfounded.  Tellingly, Defendants do not cite a single case in which any court has dismissed a fraudulent transfer claim on such formalistic grounds.

13

If the Court nevertheless determines that Plaintiffs have not sufficiently pleaded their claims for fraudulent transfer, Plaintiffs request leave to replead to cure any deficiency; such leave, is of course, liberally granted.  See Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F.3d 192, 198 (2d Cir. 2013) ("As a general principle, district courts should freely grant a plaintiff leave to amend the complaint.") (reversing order dismissing action where plaintiff did not have opportunity to replead); Fed. R. Civ. P. 15(a)(2) (governing pre-trial amendments of pleadings not as of right; "[t]he court should freely give leave when justice so requires.").

Defendants also suggest that Plaintiffs' fraudulent transfer claims must be dismissed because those claims have neither been reduced to judgment nor incorporated in a lawsuit against the insolvent Sequoia.  See Def. Mem., p. 18.   But the relevant statutes contain no such requirements.  New York courts have interpreted this state's Debtor & Creditor Law for at least 75 years as not requiring a creditor to reduce its claims against the transferor to judgment before suing a transferee to avoid and recover a fraudulent conveyance.  See Bernheim v. Burden, 1 N.Y.S.2d 689, 690 (N.Y. App. Div. 1938) (A "creditor is no longer required to reduce his claim to judgment before availing himself of the right to set aside a conveyance as fraudulent."); see also R.L. Friedland Realty, Inc. v. Mitlin Equities Corp., 519 N.Y.S.2d 170, 174 (Yonkers City Ct.  1987) ("DCL § 278 does not require that a debt be reduced to judgment prior to it being recognized as a debt.").

The Delaware and Colorado fraudulent transfer statutes, which are both enactments of the Uniform Fraudulent Transfer Act ("UFTA"), broadly define a claim to mean "a right to payment, **whether or not the right is reduced to judgment**, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."  Del. Code tit.

6, § 1301(3) (emphasis added); Colo. Rev. Stat. § 38-8-102(3) (same). The Colorado Supreme

Court has made clear that this statute "affords a means of **pre-judgment** creditor protection."

Benton v. Adams, 56 P.3d 81, 89 (Colo. 2002) (emphasis added). [15]   See also Brown Bark II,

L.P. v. Coakley, 934 N.E.2d 991, 998 (Ohio App. 2010) ("The statutory language [of the Ohio

UFTA] thus does not in itself require a judgment as a prerequisite to a fraudulent-transfer action,

and courts have so held."); In re Michener, 217 B.R. 263, 270 (Bankr. D. Minn. 1998)

("Accordingly, present remedies under Minnesota's Fraudulent Transfer Act . . . extend to both

simple unsecured creditors and attached judgment lien creditors.").

        In sum, Defendants' challenges to the adequacy of Plaintiffs' pleading are without merit,

and if the Court reaches the merits of the instant motion, Defendants' request for an order

dismissing the Complaint should be denied.

## IV.      DEFENDANTS' ALTERNATIVE REQUEST FOR A STAY SHOULD BE DENIED

        In the alternative, Defendants' Motion to Dismiss/Stay seeks an order staying the action.

Apart from the threshold issue that this Court lacks subject matter jurisdiction (or if it has

"related to" jurisdiction, must abstain), Defendants' argument again is based on speculation that

the Bankruptcy Court will, after trial, grant substantive consolidation.  See Def. Mem., p. 18 ("**If**

the central substantive consolidation theory advanced by the SVS Trustee . . . is accepted . . . .")

(emphasis added).  But unless and until the Bankruptcy Court does so, the risks supposedly

created by continued prosecution of this action – "potentially unnecessary and duplicative

proceedings" in two courts and "the risk of inconsistent judgments" (Def. Mem., p. 19) – will not

---

[15] The Colorado UFTA provides that it "shall be applied and construed to effectuate its general purpose to make
uniform the law with respect to the subject of this article " Colo. Rev. Stat. § 38-8-112.  Likewise, in Delaware,
where UFTA provisions from different states are not in conflict, courts "rely on the UFTA and treat as persuasive
authorities from each of the UFTA jurisdictions."  In re W.R. Grace & Co., 281 B.R. 852, 855 (Bankr. D. Del. 2002)
(involving New Jersey and Delaware enactments of the UFTA)

eventuate; indeed, they may never do so.   Accordingly, even if it reached the merits of this alternative branch of the instant motion, the Court should deny Defendants' request for a stay.

Defendants are also wrong to suggest that a stay would not cause Plaintiffs to suffer prejudice.  The sole case Defendants cite in support of that proposition is <u>Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co.</u>, No. 01 Civ. 1044 (RJH)(HBP), 2005 WL 912184, at *2-3 (S.D.N.Y. Apr. 19, 2005), a case which involved a stay of "months" and specifically noted that the stay was intended to allow a <u>higher</u> court to rule on an important issue and that "this is not to be a stay of indefinite duration."  By contrast, the stay Defendants seek in this case would last "until the substantive consolidation claims . . . are fully and finally resolved," Def. Mem., p. 22, which means at least until trial no earlier than August 2014 is completed, unless the Bankruptcy Court dismisses the SVS Trustee's claims.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should: (i) defer consideration of Defendants' Motion to Dismiss/Stay until after it has decided Plaintiffs' Remand/Abstention Motion; (ii) grant Plaintiffs' Remand/Abstention Motion and deny Defendants' Motion to Dismiss/Stay as moot; (iii) if the Court nevertheless reaches the merits of the Defendants' Motion to Dismiss/Stay, deny that motion in its entirety.

Dated: New York, New York
        September 24, 2013

                       Respectfully submitted,

                       **HOGAN LOVELLS US LLP**

                       By:_____/s Marc J. Gottridge_____
                           Ira S. Greene
                           Marc J. Gottridge
                           David R. Michaeli
                       875 Third Avenue
                       New York, NY 10022
                       Tel:     (212) 918-3000
                       Fax:    (212) 918-3100
                       Email: Ira.Greene@hoganlovells.com
                                 Marc. Gottridge@hoganlovells.com
                                 David.Michaeli@hoganlovells.com

                       *Counsel for Plaintiffs Smartmatic USA*
*Corporation, Smartmatic International*
*Corporation and Smartmatic Services*
*Corporation*

17