UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                                    )
SMARTMATIC USA CORPORATION,          )
SMARTMATIC INTERNATIONAL             )
CORPORATION, and SMARTMATIC          )
SERVICES CORPORATION                 )
                                                                    )   Civ. 13-05349 (KBF)
                        Plaintiffs,                             )
                                                                    )
            -v-                                                 )
                                                                    )
DOMINION VOTING SYSTEMS              )
CORPORATION and DOMINION VOTING      )
SYSTEMS, INC.,                                         )
                                                                    )
                        Defendants.                        )
_____)

**DOMINION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE,
<u>TO STAY THIS ACTION</u>**

ActiveUS 116828642v.3

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

INTRODUCTION ...............................................................................................................1

ARGUMENT .......................................................................................................................2

I.    THE SVS TRUSTEE'S FRAUDULENT TRANSFER CLAIMS IN THE COLORADO ACTION PRECLUDE SMARTMATIC'S PURSUIT OF IDENTICAL FRAUDULENT TRANSFER CLAIMS IN THE NEW YORK ACTION ...............................................................................................................2

II.   SMARTMATIC FAILS TO ALLEGE ANY CURRENT, VALID, ENFORCEABLE CLAIMS AGAINST SEQUOIA .............................................6

III.  IF THE COURT DOES NOT DISMISS THE NEW YORK COMPLAINT AT THIS STAGE, THE COURT SHOULD STAY THE NEW YORK ACTION PENDING FURTHER DEVELOPMENTS IN THE COLORADO ACTION ...................7

## TABLE OF AUTHORITIES

Cases

*Allard v. De Lorean*,
    884 F.2d 464 (9th Cir. 1989) ........................................................................................ 6

*ATSI Commc'n., Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)............................................................................................ 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................... 6

*Best Mfg., Inc. v. White Plains Coat & Apron Co.,. (In re Daniele Laundries, Inc.)*,
    40 B.R. 404 (Bankr. S.D.N.Y. 1984).......................................................................... 2

*Catskill Mtns. Chapter of Trout Unlimited, Inc. v. U.S. EPA*,
    630 F. Supp. 2d 295 (S.D.N.Y. 2009)......................................................................... 9

*Corr. Officers Benev. Ass'n v. Kralik*,
    No. 04 Civ. 2199 (PGG), 2009 WL 856395 (S.D.N.Y. 2009) ....................... 6, 7

*Estate of Heiser v. Deutsche Bank Trust Co. Am.*,
    No. 11 Civ. 1608 (AJN)(MGD), 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012) ................ 9

*Fox v. Picard (In re Madoff)*,
    848 F. Supp. 2d 469 (S.D.N.Y. 2012)......................................................................... 5

*Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*,
    No. 11 Civ. 4141 (BSJ), 2012 WL 252139 (S.D.N.Y. Jan. 25, 2012)..................... 8

*In re MortgageAmerica Corp.*,
    714 F.2d 1266 (5th Cir. 1983) ..................................................................................... 2

*In re Tribune Co. Fraudulent Conveyance Litig.*,
    MDL No. 11 MD 2296 (RJS), 2013 WL 5311439 (S.D.N.Y. Sept. 23, 2013) ......... passim

*Meoli v. Huntington Nat'l Bank (In re Teleservices Grp., Inc.)*,
    463 B.R. 28 (Bankr. W.D. Mich. 2012)..................................................................... 4

*Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*,
    187 F.3d 439 (4th Cir. 1999) ................................................................................. 2, 4

*Sierra Rutile, Ltd. v. Katz*,
    937 F.2d 743 (2d Cir. 1991) .................................................................................. 7, 8

## INTRODUCTION

Dominion respectfully submits this memorandum of law in further support of its motion (the "Motion")[1] to dismiss the Complaint (the "New York Complaint") filed by Smartmatic in this case (the "New York Action"), or, in the alternative, to stay the New York Action.

The key issue before the Court in respect of the Motion is whether Smartmatic may pursue claims against Dominion in this action while a bankruptcy trustee in Colorado (the "SVS Trustee"), in a suit funded by Smartmatic (the "Colorado Action"), pursues the same claims against Dominion regarding the same transactions. This issue was decided in the Southern District of New York less than two weeks ago. On September 23, 2013, in the *Tribune* case, Judge Sullivan granted a Rule 12(b)(6) motion to dismiss fraudulent transfer claims brought by individual creditors because a court-appointed fiduciary for the bankruptcy estate was pursuing claims to avoid the same transfers to the same transferees. *See In re Tribune Co. Fraudulent Conveyance Litig.*, MDL No. 11 MD 2296 (RJS), 2013 WL 5311439, at *9 (S.D.N.Y. Sept. 23, 2013). The *Tribune* Court explained: "Section 362(a)(1) [of the Bankruptcy Code] stays fraudulent conveyance claims by creditors for as long as the trustee is exercising its avoidance powers, so the stay deprives the Individual Creditors[] of standing to bring [state law constructive fraudulent conveyance] claims against the same transactions that the Committee [derivatively, using the powers of the trustee,] is currently targeting." *Id*. Consistent with the *Tribune* decision, and because of the pendency of the Colorado Action, Smartmatic has no basis to argue that this case may proceed.

Smartmatic essentially asserts that if the SVS Trustee fails on his primary claims in the Colorado Action, then, at that point, Smartmatic would be free to pursue its claims in this action.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

Such a conditional standing argument cannot enable this action to survive dismissal. However, if the Court does not dismiss this action now, the Court at least should stay this action until such time, if any, as Smartmatic might obtain standing. Alternatively, as stated below, the Court has ample authority to stay this case now without having to resolve the complicated issues of jurisdiction, abstention, venue, and dismissal that the parties have raised in their various motions.

ARGUMENT

I.  THE SVS TRUSTEE'S FRAUDULENT TRANSFER CLAIMS IN THE COLORADO ACTION PRECLUDE SMARTMATIC'S PURSUIT OF IDENTICAL FRAUDULENT TRANSFER CLAIMS IN THE NEW YORK ACTION

It is fundamental bankruptcy policy that avoidance claims should be consolidated and pursued by the trustee for the benefit of all creditors. *See Tribune,* 2013 WL 5311439, at *10 ("Bankruptcy is intended to consolidate multiple, potentially wasteful claims in one entity—the trustee.") (citing *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441-42 (4th Cir. 1999)); *cf. In re MortgageAmerica Corp.*, 714 F.2d 1266, 1276 (5th Cir. 1983) (actions "by individual creditors under state fraudulent conveyance laws would interfere with [the] estate and with the equitable distribution scheme dependent on it, and are therefore appropriately stayed . . . . Any other result would produce near anarchy . . . ."). Consistent with this policy, individual creditors may not bring duplicative fraudulent transfer claims on their own.

As Judge Sullivan held in the *Tribune* case, the prosecution by a bankruptcy estate representative of a fraudulent transfer claim to avoid a transaction precludes an individual creditor's prosecution of a claim to avoid the same transaction. *See Tribune*, 2013 WL 5311439, at *9; *see also Best Mfg., Inc. v. White Plains Coat & Apron Co., (In re Daniele Laundries, Inc.)*, 40 B.R. 404, 408 (Bankr. S.D.N.Y. 1984) (holding that because a trustee's Section 544(b) action

2

is pending, an individual creditor's state court fraudulent transfer action is superseded and the creditor lacks standing to pursue its case).

In *Tribune*, individual creditors asserted state law constructive fraudulent transfer claims to claw back funds that were distributed during a leveraged buyout, even though the creditors' committee had asserted intentional fraudulent transfer claims to recover those same assets using (through derivative standing) the trustee's powers under Section 548 of the Bankruptcy Code. Judge Sullivan held that the pendency of the creditors' committee's claims precluded individual creditors from bringing claims to avoid those same transfers. *Tribune*, 2013 WL 5311439, at *9. As Judge Sullivan held, once a bankruptcy trustee exercises its avoidance powers, the Bankruptcy Code's automatic stay deprives individual creditors of standing to bring state law claims to claw back the same transactions that the trustee targeted. *Id.* In so holding, the court relied on a wealth of supporting authority from courts across the country. *Id.* (collecting cases).

Smartmatic does not dispute that if substantive consolidation is allowed, the SVS Trustee will have exclusive standing. *See* Opp. at 9. Indeed, Smartmatic has agreed to dismiss the New York Action if SVS and Sequoia are substantively consolidated. *See* Declaration of George W. Shuster, Jr., dated October 4, 2013 ("Shuster Decl.") Ex. A at 22 n.10. Smartmatic's only argument against dismissal is essentially that the SVS Trustee's claims *might not* preclude its fraudulent transfer claims in the New York Action because the SVS Trustee's substantive consolidation claim *might* fail and the bulk of the Colorado Action *might* therefore be dismissed. *See* Opp. at 9. But Smartmatic has no authority for the proposition that simply because a preclusive fraudulent transfer action by a trustee might fail, individual creditors may, in the meantime, pursue duplicative actions to avoid the same transfers. Instead, the law demands the opposite: that individual actions be barred during the pendency of the trustee's collective action.

3

Here, Smartmatic's underlying fraudulent transfer allegations are effectively identical to the SVS Trustee's fraudulent transfer claims. *See* Motion, Annex 1 (comparing the allegations and counts of the SVS Trustee's complaint in the Colorado Action with Smartmatic's Complaint in the New York Action). The fact that the SVS Trustee's fraudulent transfer claims rely on a substantive consolidation theory does not spare Smartmatic from the preclusive effect of those claims. The crucial element here is that both the SVS Trustee and Smartmatic seek to avoid transfers to Dominion of the same assets of Sequoia that the SVS Trustee asserts are property of the bankruptcy estate for which he serves as trustee. The SVS Trustee's specific legal theory for that assertion is irrelevant. *See Tribune*, 2013 WL 5311439, at *9.

In *Tribune*, the Court flatly rejected the individual creditors' argument that their state law constructive fraudulent transfer claims were not precluded by the creditors' committee's Bankruptcy Code-based intentional fraudulent transfer claims simply because the two sets of claims relied on different legal theories. *Id.* ("The Court sees nothing in the language of the Bankruptcy Code to suggest that Congress intended for Section 362(a)(1)'s automatic stay to apply differently based on the theory under which a trustee brings a fraudulent conveyance claim or the particular Code provision on which the trustee relies."); *see Ruppert*, 187 F.3d at 441 (holding that where a trustee and creditors sought to unwind same transaction using different theories of recovery, the creditors lacked standing to pursue their claims); *Meoli v. Huntington Nat'l Bank (In re Teleservices Grp., Inc.)*, 463 B.R. 28, 36 (Bankr. W.D. Mich. 2012) (concluding that, where a trustee and creditor choose different remedies to "rectify . . . the same injustice," the "automatic stay prohibits" the creditor from prosecuting its claims).[2] The SVS

---

[2] Regardless of the impact of the Bankruptcy Code's automatic stay to preclude Smartmatic's fraudulent transfer claims, it is within the Court's power to extend the stay to enjoin an individual creditor's action against a non-debtor third party when that action threatens to have a negative effect on the bankruptcy estate. *See Fox v.*

4

Trustee's prosecution of fraudulent transfer claims precludes Smartmatic from bringing those same claims, notwithstanding that the SVS Trustee's claims depend upon the theory of substantive consolidation while Smartmatic's claims do not.

Smartmatic seeks to justify its competing claims in the New York Action by submitting the SVS Trustee's declaration that he does "not oppose the prosecution of this case by Plaintiffs." *See* Shuster Decl. Ex. B at ¶ 5. The Court in *Tribune* rejected a similar attempt by the individual creditors to escape the effects of the automatic stay by proffering the creditors' committee's support for their separate action. The court held: "Whether the Committee supports the Individual Creditors' [fraudulent conveyance] claims is of no moment. The Individual Creditors cite no authority for the proposition that a bankruptcy trustee's druthers may trump Section 362(a)(1) nor is the Court aware of any authority to that effect." *Tribune*, 2013 WL 5311439, at *10.

Because Smartmatic has elected to fund the SVS Trustee's prosecution of fraudulent transfer claims against Dominion through the SVS bankruptcy in Colorado, Smartmatic should be bound by the consequences of its own choice of action and forum. By attempting now to prosecute its own fraudulent transfer claims separately in this Court, Smartmatic inappropriately seeks to force Dominion to defend two actions in two forums at the same time. Such a result is impermissible as a matter of law, prejudicial to Dominion, and a waste of judicial resources. Moreover, the present dismissal of its fraudulent transfer claims without prejudice would not leave Smartmatic without recourse in the event the SVS Trustee's substantive consolidation

---

*Picard (In re Madoff)*, 848 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2012) (affirming imposition of stay on individual creditor avoidance and other actions against non-debtor third party where those actions threatened to adversely affect the debtor's liquidation). In *Fox*, the court held that an injunction was appropriate even if the claims asserted in the third-party action were not property of the estate, because of the overlap between the claims. *Id.* at 486. Permitting the individual creditors' claims to proceed would have hampered the trustee's ability to recover fraudulently transferred assets. *Id.*

5

claim in the Colorado Action is dismissed. Under those circumstances, if Smartmatic proves to be a *bona fide* creditor of Sequoia, standing to pursue fraudulent transfer claims against Dominion could revert to Smartmatic, albeit subject to Dominion's defenses. *See Tribune*, 2013 WL 5311439, at *9-10.

For all of the reasons set forth here and in the Motion, this action should be dismissed.

## II. SMARTMATIC FAILS TO ALLEGE ANY CURRENT, VALID, ENFORCEABLE CLAIMS AGAINST SEQUOIA

The fraudulent transfer statutes on which Smartmatic relies mandate that a creditor's standing depends upon the existence of a *current* claim. *See* Motion at 15-16. Rather than mere pedantry, as Smartmatic suggests in its Opposition, the question of whether Smartmatic "was" a creditor (past tense) or "is" a creditor (present tense) could be dispositive of its standing. *See Allard v. De Lorean*, 884 F.2d 464, 466 (9th Cir. 1989) (only a current creditor has standing to set aside fraudulent transfers). If, as the Complaint alleges, Smartmatic "was" a creditor of Sequoia at past dates relevant to the allegations in the Complaint, but has had its claims satisfied or otherwise discharged, Smartmatic cannot now maintain a fraudulent transfer action to recover the Purchased Assets that Sequoia sold to Dominion.

Smartmatic asserts for the first time in its Opposition that it is a current creditor of Sequoia. *See* Opp. at 13. Even if this allegation, which is bereft of any information regarding the nature and validity of Sequoia's supposed debt to Smartmatic, provided sufficient information to meet the Rule 8 pleading standard (it does not),[3] alleging current creditor status in responsive papers is insufficient to cure the defects in Smartmatic's New York Complaint. *See Corr. Officers Benev. Ass'n v. Kralik*, No. 04 Civ. 2199 (PGG), 2009 WL 856395, at *4 n.1

---

3   *See ATSI Commc'n., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (a plaintiff must plead "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007)).

(S.D.N.Y. 2009) ("[I]t is well established that [a] plaintiff cannot effectively amend his complaint by means of allegations and materials contained in papers generated in response to a motion to dismiss."). The Court should dismiss the Complaint on this basis, and, if it sees fit to grant leave to amend,[4] Smartmatic should be required, in conformity with modern pleading standards, to plead sufficient facts regarding its alleged claims against Sequoia to establish more than a mere theoretical possibility that those claims are currently valid and enforceable.

### III.  IF THE COURT DOES NOT DISMISS THE NEW YORK COMPLAINT AT THIS STAGE, THE COURT SHOULD STAY THE NEW YORK ACTION PENDING FURTHER DEVELOPMENTS IN THE COLORADO ACTION

For the reasons set forth above, the Court should dismiss this action. However, if this action is not dismissed, it should be stayed. That stay could take one of two forms. First, if the Court considers but declines to grant the motion to dismiss at this stage, the Court should stay this action from proceeding on the merits until the SVS Trustee's substantive consolidation claim in the Colorado Action is resolved. Alternatively, the Court could stay the action before considering the issues raised by Smartmatic's motion to remand and Dominion's pending venue transfer motion and motion to dismiss. Such a stay would avoid the present need for the Court to expend the resources necessary to resolve the complicated jurisdiction, abstention, and venue motions before it.

Dominion agrees that the Court would have to decide the jurisdictional issues presented by Smartmatic's request for remand before deciding to dismiss the New York Complaint, but Smartmatic is wrong that the Court must consider those issues before staying the New York Action. *See Sierra Rutile, Ltd. v. Katz*, 937 F.2d 743, 748 (2d Cir. 1991) ("We fail to see how

---

[4] Dominion reserves all rights with respect to any amendment of the Complaint under Fed. R. Civ. P. 15 and Fed. R. Bankr. P. 7015. Moreover, the standing defects described above would persist with respect to any amendment.

the district court's decision to decide at a later time the question of jurisdiction conclusively determines the issue; rather, the district court simply postponed a determination of the remand motion."). Rather, a stay would avoid burdening the Court with issues that (even Smartmatic agrees) may become moot based on the resolution of the SVS Trustee's substantive consolidation claim in the Colorado Action. *See* Shuster Decl. Ex. A at 22 n.10.

Smartmatic's only argument against a stay is that it *might* have standing to prosecute its claims in this action if the SVS Trustee's substantive consolidation theory in the Colorado Action fails. Smartmatic, which is funding the SVS Trustee, has agreed to dismiss the New York Action if the SVS Trustee prevails on his substantive consolidation theory. *See* Shuster Decl. Ex. A at 22 n.10. Thus, the only question is whether Smartmatic should be entitled to continue to pursue this inconsistent action at the same time that the SVS Trustee, at Smartmatic's behest, pursues a preclusive action in Colorado.

The prejudice to Dominion if the New York Action proceeds concurrently with the Colorado Action far exceeds any potential prejudice to Smartmatic in waiting until the SVS Trustee's substantive consolidation claims are resolved in Colorado. *See Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, No. 11 Civ. 4141 (BSJ), 2012 WL 252139, at *5 (S.D.N.Y. Jan. 25, 2012) ("The greatest priority in deciding a motion to stay is avoiding prejudice to the parties"). If the New York Action were allowed to proceed concurrently, Dominion would be forced simultaneously to defend two identical actions effectively maintained by the same plaintiff in separate forums. *See id.* (granting stay where permitting two actions to proceed simultaneously would prejudice the defendants by imposing litigation costs in duplicative suits).

Smartmatic does not explain how it would be prejudiced by a stay, and it cannot credibly do so. After waiting nearly four years from the date of the first transfer from Sequoia to

Dominion and three years after beginning its investigation into the transfers to commence this action, Smartmatic cannot now argue that staying the New York Action would impair its rights. To the contrary, Smartmatic states that it filed the New York Action only to avoid the expiration of applicable statutes of limitations. *See* Shuster Decl. Ex. A at 22 n.10.  Staying the New York Action would not harm Smartmatic's position concerning the statute of limitations or any right that it may have to pursue the New York Action if the SVS Trustee's substantive consolidation claim fails.[5]  Finally, Smartmatic could not be prejudiced by a stay in this case where it is funding identical fraudulent transfer claims asserted in the Colorado Action by its proxy, the SVS Trustee.

Contrary to Smartmatic's suggestion, (Opp. at 16), courts routinely stay actions for a period of months or longer, as long the stay is not indefinite or open-ended. *See Estate of Heiser v. Deutsche Bank Trust Co. Am.,* No. 11 Civ. 1608 (AJN)(MGD), 2012 WL 5039065, at *2-4 (S.D.N.Y. Oct. 17, 2012).  In *Catskill Mtns. Chapter of Trout Unlimited, Inc. v. U.S. EPA*, 630 F. Supp. 2d 295, 306-07 (S.D.N.Y. 2009), the court granted a stay notwithstanding that it could be "lengthy in duration."  The court concluded that although the resolution of the case would be delayed, the stay would not, on its own, precipitate the delay. *Id.* at *306-07.  Instead, it was the necessity of waiting for a ruling from a court of appeals that had a bearing on the issues in the case that resulted in the delay. *Id.*  The same is true here.  To the extent that Smartmatic's standing will not be determined until the SVS Trustee's substantive consolidation claim is resolved, permitting Smartmatic to proceed with the New York Action would not expedite that determination, and there would be a finite end-point to any stay.  Without a stay, Smartmatic

---

[5] If this action is stayed, Dominion also reserves its rights in respect of faulty pleading in the Complaint, described above, and in defense of any motion for leave to amend the Complaint or to have any amended complaint relate back to the initial filing of the Complaint.

9

might obtain a judgment that would be a nullity based on lack of standing and force Dominion to defend an action that may be an exercise in futility.  In any event, Dominion's motion to dismiss the Colorado Action was fully briefed and argued before the Colorado Bankruptcy Court on September 26 and is pending decision.

If the Court stays the New York Action, either before or after ruling on the Motion, the Court nevertheless should permit discovery to proceed on a consolidated basis with any discovery that is permitted in the Colorado Action.  As described in Dominion's opposition to Smartmatic's motion to remand, staying all proceedings except discovery would avoid prejudice to the parties if the New York Action is later permitted to proceed.  Because the claims in both actions are identical, permitting consolidated discovery would promote efficiency and avoid duplication in the event the New York Action goes forward.  Smartmatic appears to agree.  *See* Shuster Decl. Ex. A at 21 n.9.

ActiveUS 116828642v.3

Dated:  October 4, 2013

            WILMER CUTLER PICKERING
              HALE AND DORR LLP

            By: /s/ George W. Shuster, Jr.
            George W. Shuster, Jr.
            Jeremy S. Winer
            7 World Trade Center
            250 Greenwich Street
            New York, New York 10007
            Tel:  (212) 230-8800

            Richard A. Johnston
            60 State Street
            Boston, MA 02109
            Tel:  (617) 526-6282

            *Counsel for Defendants Dominion Voting Systems Corporation and Dominion Voting Systems, Inc.*